Mary A. BROWN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21676.

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1965.

———◆———

Elmo R. Willard, III, Beaumont, Tex., for appellant.

Bryan Blalock, Asst. U. S. Atty., Beaumont, Tex., Wm. Wayne Justice, U. S. Atty., Texarkana, Tex., for appellee.

Before WHITAKER,* RIVES and JONES, Circuit Judges.

WARREN L. JONES, Circuit Judge.

The appellant, Mary A. Brown, was charged in an eleven count indictment with the theft of mail matter in violation of 18 U.S.C.A. § 1709. It was alleged

* Senior Judge of the Court of Claims, sitting by designation.

474

that on several specified dates and occasions during June and July, 1963, while employed as a substitute mail carrier out of the Beaumont, Texas, Post Office, she embezzled various letters and stole and removed therefrom varying amounts of checks and currency. After a plea of not guilty the case was tried to a jury. The evidence of the Government established the essential elements of its case. The appellant called six witnesses, one of whom was a psychologist and another a psychiatrist, and by their testimony the defense of insanity was brought into the case. This testimony was sufficient to raise the issue of sanity and this is conceded by the Government. The Government called two witnesses. One of these, Herbert M. Cole, did not testify to anything material on the issue of sanity. The other, Terry Charlton, was a postal supervisor under whose direction the appellant worked during her employment in the postal service. He testified that he had occasion to observe the appellant during the period of her employment, which commenced September 15, 1962, and included the months of June and July, 1963, conversed with her and that she never appeared to be a person of unsound mind or mentally incompetent. Her work at the post office, according to his testimony, except for her taking of checks and currency, was satisfactory.

▇ The appellant asserts that the trial court erred in admitting as evidence the testimony of the witness Charlton as bearing upon the issue of appellant's sanity. The rule is well settled that a lay witness may testify on the issue of sanity if it appears that the witness had an acquaintance of sufficient intimacy and duration as to show a reasonable opportunity to observe the person's conduct and form a conclusion based thereon. Whether the witness has had the acquaintance necessary to qualify him to express an opinion as to sanity is a question for the trial judge, in his discretion, to determine. 2 Wharton's Criminal Evidence 371 et seq. § 532. The trial court properly refused to exclude the testimony of the witness Charlton.

▇ The second question which the appellant raises on this appeal is that error was committed when the trial court overruled the appellant's motion for a judgment of acquittal on the ground that the Government's evidence upon the issue of sanity was insufficient as a matter of law to establish her sanity beyond a reasonable doubt. In addition to the testimony of the witness Charlton, the Government points to the testimony of two other lay witnesses who were called by the appellant. One of these was Captain Doyle Wingate of the Beaumont Police Department, who had known appellant all of her life. He testified that he always thought her mind was all right and that at no time did he observe her as being mentally incompetent. Henry Austin, a City Detective of Austin, who had known appellant since she was a little girl, wouldn't say that she was at any time mentally incompetent. We do not detail the testimony of the appellant's experts, nor do we comment upon it beyond saying that the case made for the defense of insanity was not a strong one. Nevertheless it was enough to raise an issue of insanity and to cast upon the Government the burden of proving sanity beyond a reasonable doubt. Taylor v. United States, 5th Cir. 1964, 329 F.2d 384, 385. In the leading case of Davis v. United States, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499, it is said,

"If the whole evidence, including that supplied by the presumption of sanity, does not exclude beyond reasonable doubt the hypothesis of insanity, of which some proof is adduced, the accused is entitled to an acquittal of the specific offense charged." 160 U.S. 469, 488, 16 S.Ct. 353, 358. See Howard v. United States, 5th Cir. 1956, 232 F.2d 274.

The nature and quantum of evidence of sanity which the Government must produce to sustain its burden and take the case to the jury will vary in different cases. Hopkins v. United States, 1959, 107 App.D.C. 126, 275 F.2d 155. The jury is not required to accept the opin-

ions of the experts nor to reject those of lay witnesses. The evidence in this case was such as to make a jury question on the insanity issue with the burden of proving sanity cast upon the Government.

The final contention of the appellant is that the court failed to give a proper charge. The appellant requested the court to instruct the jury

"* * * that, although the law presumes every person to be sane, yet if some evidence is introduced, no matter how slight, tending to show the existence of any one of the three elements [of insanity] outlined above, then the law casts the burden upon the prosecution to prove that the defendant was sane at the time of the commission of the acts charged, beyond a reasonable doubt; and if the evidence on the issue of the defendant's sanity, taken as a whole, is equally balanced, or if you have a reasonable doubt thereof, then you are to acquit the defendant, and say by your verdict not guilty."

The quoted portion of the requested charge was not given. In its charge the court used the phrase "reasonable doubt" no less than twenty times and defined it in a manner which the appellant does not criticize. The court included in its instructions the following:

"If, from all of the evidence in the case, the jury has a reasonable doubt whether the defendant was sane at the time of the alleged offense, she should be acquitted even though it appears she was sane at earlier and later times.

"Every defendant in a criminal case is presumed to be innocent until her guilt has been established by legal and competent evidence beyond a reasonable doubt. The burden of proof is on the Government to prove her guilty beyond a reasonable doubt, and unless the Government sustains this burden and proves beyond a reasonable doubt to the satisfaction of the jury that the defendant committed the offense with which she is charged, the jury must find her not guilty."

We cannot say that these instructions, in the context of the entire charge, were not sufficient to inform the jury as to the burden of proof on the jury issue.

No error appearing, it follows that the judgment and sentence of the district court should be and hereby is

Affirmed.