THOMAS, Justice.
The appellant, James Chatman, was indicted and put on trial for the crime of *476 murder in the first degree. He plead not guilty and not guilty by reason of insanity. Preliminarily a motion for change of venue was denied and the court after two hearings on the subject ruled that the defendant was competent. Thereupon the trial proceeded for five days when the defendant over strenuous objection of the State was allowed to withdraw his two initial pleas and later enter a plea of guilty. The State then moved to recall the jury to hear the remainder of the testimony to determine whether or not mercy should be granted and a motion to empanel a new jury to hear the evidence and fix the sentence. Both of these motions were quite properly denied.
We think that in accordance with our decision in Lee et al. v. State, 166 So.2d 131, once the plea of guilty was entered it was the judge’s sole responsibility to fix the punishment. The judge in this case accepted that responsibility and first carefully examined the appellant to determine whether or not he was fully conscious of the consequences of the plea. He answered unhesitantly that he had intelligently, understanding^, willingly and voluntarily entered the plea of guilty knowing that he could be sentenced to death or imprisonment for life.
The court after an extensive pre-sentence investigation and an investigation by the Parole Commission condemned the defendant to death.
The first question presented here challenges the propriety of the denial of the motion to change the venue. The argument, however, that this court should override the discretionary decision of the circuit court is not convincing and we decline to disturb the ruling.
The second point raised by the appellant deals with his competency at the time the homicide was perpetrated and at the time of the trial. This is presented to us by way of a minute analysis of the testimony of the psychiatrists claiming emphasis for excerpts of their testimony that, out of context, lend a shade of comfort to his position that he was incompetent at relevant times. But it must be remembered as we said in Child v. Wainwright, Fla., 148 So.2d 526, that a defendant is presumed sane “and in the absence of circumstances which require the court to inquire as to his sanity” the burden is on him to establish his insanity.
Inasmuch as the argument relative to incompetency related to the mental status of the defendant at the time of the alleged crime and at the time of the trial and is now being renewed subsequent to a plea of guilty, we apprehend that the appellant means to project this original so-called imperfection to the plea itself and the subsequent proceedings culminating in the death sentence. However, we find no error in the trial proceeding either before the sudden abandonment of the issue of guilt to be tried by the jury or the proceeding afterward.
The argument in appellant’s behalf that the statute denouncing murder in the first degree, Section 782.04, should be set aside and held ineffective because the legislature that enacted it was not constitutionally formed seems devoid of merit. The position is based on the decision of the District Court of the United States dealing with reapportionment of the legislature. Gist of the contention is that since “sometime prior to 23 July 1962” the legislature had not been legally constituted hence laws passed in the last three sessions were invalid. We agree with the Attorney General in his rebuttal that the decisions pronouncing the infirmity of the legislature were effective only prospectively and furthermore that there was a statute denouncing murder in the first degree at least since 1868 to which resort could be had even if the reenactments of 1961, 1963 and 1965 were declared ineffective.
Even though the appellant entered his plea of guilty after the trial had progressed on the two pleas of- not guilty, he *477 was eventually adjudged guilty of murder in the first degree and sentenced accordingly. So we have observed the mandate of Section 924.32(2) which, too, has been a law of the State since long before the reapportionment turmoil and have reviewed the evidence to determine whether or not the ends of justice require a new trial of appellant, although the sufficiency of the evidence has not been challenged.
Evidently the appellant deliberately planned to rob his victim, one Matarese, the previous night when he left his place of business, and lay in wait for him but Matarese’s departure was delayed and the appellant, becoming uncomfortable in the cold weather, postponed execution of his nefarious scheme until the following night. Again he hid in Matarese’s automobile and when his intended victim emerged, robbed him of his purse, then made Ma-tarese drive his car, occupied by both, to a lonely spot where he shot Matarese once between the eyes, once in the left temple and once in the stomach. After dispatching Ma-tarese the appellant scattered the victim’s wallet and personal papers and left the body in the woods.
This was a typical case of cold-blooded murder in the commission of a robbery. The case was well tried and the penalty inflicted was authorized by law.
The judgment is affirmed.
THORNAL, C. J., and ROBERTS, DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.