Bobby Gene JOHNSON, Petitioner-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 29111.

United States Court of Appeals, Fifth Circuit.

Nov. 4, 1970.

Guy W. Mitchell, Tupelo, Miss., for petitioner-appellant.

H. M. Ray, U. S. Atty., Oxford, Miss., for defendant-appellee.

Before BELL, THORNBERRY and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

In this cause appellant attacks as erroneous the district court's finding that he was mentally competent at the times he committed certain crimes, waived counsel and pleaded guilty. Believing that the evidence was sufficient to support such a finding and that the district court committed no reversible error, we affirm.

On August 4, 1961, Bobby Gene Johnson waived counsel and pleaded guilty to indictments charging burglaries of federally insured banks and possession of stolen travelers cheques taken from an insured bank. After he was sentenced to fifteen years in prison, he escaped from custody on November 9, 1961, and was recaptured in February of 1963. On July 29, 1963, Johnson, pursuant to the authority of 28 U.S.C. § 2255, filed a motion to set aside and vacate the 1961 judgments and sentences, alleging incompetency at the time of trial. The district court, after an evidentiary hearing, found that Johnson, as movant, had failed to sustain the burden of proof and therefore denied relief. Johnson appealed, and on the issue of mental competency this Court remanded the cause for further proceedings on the ground that a pre-trial order for psychiatric examination had unduly limited the Board of Examiners for the United States Penitentiary, Atlanta, Georgia, in their examination of Johnson.[1] After further psychiatric examination of appellant had been conducted by the Board of Examiners, the district court held a hearing on September 24, 1965, in a renewed effort to determine Johnson's mental competency and the validity of his pleas of guilty. Although it found that the evidence there adduced established that Johnson was entitled to no relief, the court "out of an abundance of caution" granted appellant's request to be transferred to the Medical Center for

Federal Prisoners in Springfield, Missouri, for further mental examination.

In its report to the district court on April 29, 1966, the Medical Center staff stated that although it was very difficult to form an opinion in retrospect, it was "probable" that appellant had not been competent to execute a waiver of counsel and plead guilty on August 4, 1961. In addition, it was the staff's opinion that Johnson was psychotic at the time of the examination and " * * * was psychotic, most probably, and not responsible for his acts in relation to the alleged crimes." On July 25, 1966, counsel stipulated that because of Johnson's present incompetency his motion to vacate should be stayed until such time as he was mentally competent to proceed. In June of 1967 Johnson filed pro se a petition for writ of mandamus in this Court seeking an order to require the district court to resume the recessed hearing. The motion was denied.[2] On November 22, 1967, the Director of the Bureau of Prisons, pursuant to 18 U.S.C. § 4245, issued a certificate of mental incompetency. On August 7, 1968, the district court ordered additional examination of appellant because the 1966 Medical Center report " * * * did not allude to the bearing, if any, of the testimony taken in the evidentiary hearings held on May 11, 1964, and September 24, 1965 * * *." After the results of this last examination were filed the Director of the Bureau of Prisons advised the court he wished to revoke the certificate.[3] After a full evidentiary hearing held on July 10 and 11, 1969, Johnson was declared competent as of the applicable dates.

This appeal raises five points. Johnson contends (1) that the court erred in receiving evidence that tended to indicate he was mentally competent in 1963; (2) that the court erred in allowing certain lay witnesses to testify as to

1. Johnson v. United States, 5th Cir. 1965, 344 F.2d 401.

2. Johnson v. United States, 5th Cir. 1967, Misc. No. 781.

3. See *infra* note 7.

his mental competency in 1961; (3) that the presumption raised by the certificate of mental incompetency should have prevailed; (4) that there was insubstantial evidence to support the findings of competency; and (5) that he was prejudiced by the delay between the 1966 Medical Center report and the 1969 hearings. We find no merit in these contentions.

Johnson first argues that the court erred in admitting over his objection a transcript of proceedings held in United States District Court in Florida in March, 1963, dealing with his mental competency at that time. Appellant asserts that the government made no effort to have the examining psychiatrist in the 1963 proceedings present at the 1969 hearing, nor did appellee show that the witness was unavailable at that time. Johnson thus argues that he was wrongfully deprived of the opportunities to cross-examine the psychiatrist as to the scope of his examination and to mollify the transcript's effect on certain expert witnesses who, though apparently convinced at the hearing's commencement of Johnson's incompetency on the applicable 1961 dates, were convinced at the hearing's conclusion of appellant's competency on those dates. Since it is apparent that the introduction of the transcript was not prejudicial to appellant, we find it unnecessary to determine whether the circumstances under which the transcript was admitted bring the matter within an exception to the confrontation requirement.[4] The record reveals that no expert witness was specifically directed to the transcript and that the only witness who mentioned a 1963 examination had received the information *before* the 1969 hearing in reports from the Medical Center. We thus conclude that the refusal of the court to exclude the transcript was not reversible error.

Appellant next contends that the trial court erred in admitting as evidence the testimony of the lay witnesses William C. Burnley, Jr. and Alfred E. Moreton, III, as bearing upon the issue of appellant's sanity. This Court has stated, however, that "The rule is well settled that a lay witness may testify on the issue of sanity if it appears that the witness had an acquaintance of sufficient intimacy and duration as to show a reasonable opportunity to observe the person's conduct and form a conclusion based thereon. Whether the witness has had the acquaintance necessary to qualify him to express an opinion as to sanity is a question for the trial judge, in his discretion, to determine. 2 Wharton's Criminal Evidence 371 *et seq.* Section 532 * * *."[5] We do not believe that the trial judge abused his discretion in refusing to exclude the testimony of the witnesses Burnley and Moreton.

Thirdly, appellant argues that the certificate issued pursuant to 18 U.S.C. § 4245 noting probable cause to believe he was mentally incompetent when tried should have controlled the question of competency. We disagree. The effect of the certificate " * * * is to compel a hearing in which there is a working assumption of incompetency rather than competency. However, when evidence which would justify a finding of competency has been produced, 'the presumption falls out of the case. It never had and cannot acquire the attribute of evidence in the claimant's favor. Its only office is to control the result where there is an entire lack of competent evidence.' Del Vecchio v. Bowers, 296 U.S. 280, 286, 56 S.Ct. 190, 193, 80 L. Ed. 229."[6] The party challenging the presumption created by the certificate

---

4. We note that the 1963 Florida hearing was an adversary proceeding wherein Johnson was represented by counsel, was afforded the opportunity to an examination of the psychiatrist, which he waived, and stipulated the reception of the psychiatrist's report.

5. Brown v. United States, 5th Cir. 1965, 351 F.2d 473, 474.

6. Fooks v. United States, D.C.Cir. 1957, 246 F.2d 629, 633, 100 U.S.App.D.C. 348.

has the burden of going forward with the evidence, of course. In the instant case the district court found that appellee shouldered the burden and successfully overcame the presumption. We discern no error in that conclusion.[7]

■ Johnson next asserts that there is insufficient evidence to support the findings of the district court that he had the mental capacity on August 4, 1961, to understand the proceedings, assist in his defense, waive counsel, and plead guilty. We disagree. A review of the record indicates that the controverted findings were supported not only by substantial evidence but also by the opinion of every expert witness who testified and by every lay witness who was allowed to state an opinion.

■ Appellant argues in conclusion that he was prejudiced by the delay between the 1966 Medical Report and the 1969 hearing. The delay was occasioned when a stipulation was entered on July 25, 1966, by the United States Attorney, the appellant's court-appointed guardian ad litem, his court-appointed attorney for guardian ad litem, and his American Civil Liberties Union attorney, stipulating that because of Johnson's present mental incompetency further hearings on his motion to vacate should be stayed until he was competent to understand the proceedings and to assist counsel in them. Though we regard the delay as unfortunate, we are unable to conclude, under these circumstances, that it was perpetuated for any reason other than the appellant's own benefit. We thus find no merit in this argument.

Because we have discerned no reversible error in the judgment below, we affirm.[8]

7. The Director of the Bureau of Prisons issued a certificate of mental incompetency on November 22, 1967, but after the results of a 1968 examination were filed, he advised the court he wished to revoke the certificate. The district court found it unnecessary to rule on the Director's authority to cancel the certificate since the government agreed to and did go forward with the evidence on the hearing of appellant's mental incompetency.

8. *Cf.* United States v. Pitts, 5th Cir. 1970, 428 F.2d 534 (June 18, 1970).