**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alan Bronk MINOR, Defendant-
Appellant.**

**No. 71-2748.**

United States Court of Appeals,
Fifth Circuit.

April 13, 1972.

Sam Forman, Miami, Fla. (Court Appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Kenneth G. Oertel, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge and BELL and SIMPSON, Circuit Judges.

BELL, Circuit Judge:

This appeal is from a judgment of conviction entered on a jury verdict finding Minor guilty on an indictment which charged him with robbery of the Dade Federal Savings and Loan Association. 18 U.S.C.A. § 2113(a). We reverse for a new trial.

There was little question of appellant having committed the robbery. The defense was insanity at the time of the commission of the robbery. The gist of the defense was lack of mental capacity to appreciate the criminality of his conduct or to conform his conduct at the time to the requirements of law. Blake v. United States, 5 Cir., 1969, 407 F.2d 908 (en banc).

There are twelve assignments of error. Nine of these concern the exclusion or admission of evidence. One other complains of the charge to the jury while another alleges that certain statements by the court were prejudicial to appellant. The last embraces the contention that appellant made out the defense of insanity as a matter of law and thus he was entitled to a judgment of acquittal.

■ Having concluded that a new trial is indicated, we reach only those assignments of error which are likely to recur. This means, of course, that we must consider whether the evidence on the question of mental capacity was such as to require a judgment of acquittal. We answer in the negative.

Appellant, a 33 year old male, had suffered from psychiatric problems from his youth up to the day of the robbery. These problems centered on alcoholism, some drugs, and several attempted suicides. He had received treatment in numerous private institutions and had been admitted to Veterans' Administration hospitals a total of twenty one times for psychiatric treatment. He left a locked ward in a VA hospital without permission on the day before the robbery. He partied extensively that evening with his associate in the robbery and female companions. The next morning he set out to commit the robbery with his associate remaining outside the bank. The bank was selected for convenience—it was

within walking distance and appellant was without funds for cab or bus fare so as to reach another bank. Appellant and his associate were captured by bank guards as they walked away from the bank. Appellant had no gun although he represented to the teller that he was armed. The testimony was that appellant was not intoxicated at the time.

There was testimony, both expert and non-expert which disputed appellant's mental capacity at the time of the robbery. The decision could have gone either way. The question was for the jury. The court did not err in denying the motion for judgment of acquittal.

The claimed error in the charge was the inadvertent omission of the word "not" in a paragraph of the charge having to do with burden of proof under the defense of insanity. We do not reach the question presented. It suffices to say that the omission is not likely to recur. The same can be said for the alleged prejudicial statements of the court. The testimony of an FBI agent as to appellant's mention of prior arrests to him, after an objection had been sustained as to similar testimony, also falls into this category.

 This brings us to the questions having to do with the exclusion and admission of evidence. The only question involving a claim that evidence should not have been admitted relates to the testimony of an FBI agent as to statements made to him by appellant shortly after the robbery. The objection is two-fold. First, it is claimed that it was *Miranda*[1] barred. Second, it is urged that it was improper to allow the FBI agent to give his opinion as to appellant's mental capacity immediately following the robbery. The *Miranda* objection rests solely on the theory that appellant's mental condition precluded a waiver of his *Miranda* rights and also precluded the making of voluntary admissions. The court had a Jackson v.

Denno hearing[2] on these questions and concluded that the testimony was admissible. We agree. The evidence as to appellant's condition at the time of the interview warrants the ruling of the court. It was also proper to admit the opinion evidence. The question of opinion testimony by lay witnesses as to mental capacity will be discussed *infra*.

We come now to the excluded evidence. In Blake v. United States, supra, we said:

"We come then to the sufficiency of evidence question. The district court followed the salutary principle, applicable in cases involving the defense of insanity, of admitting all evidence, both lay and expert, in any wise relevant or pertinent, to the issue of insanity. This is in keeping with the philosophy of letting in all facts which might be helpful to the jury in making the final determination of the criminal responsibility of the accused. See Mims v. United States, supra, [5 Cir.], 375 F.2d, [135], at p. 143, where the court pointed to the sound rule that the issue of insanity should be determined by the jury from all of the evidence rather than from the opinion of experts alone." 407 F.2d at 911.

 Among the documents which the district court refused to admit were VA hospital records showing appellant's condition and treatment at various times and also the certified record of the civil adjudication by a state court of plaintiff as an incompetent. It was error, under the circumstances, to refuse to admit these documents. Without reaching any question as to whether hospital records otherwise admissible under the Business Records Act, 28 U.S.C.A. § 1732, are not admissible to show medical opinions in the absence of the doctor who authored the opinions, or, if so, for what purpose,[3] here the defense offered the records for the limited purpose of show-

1. Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

2. Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

3. United States v. Harper, 5 Cir., 1971, 450 F.2d 1032, 1036, 1037.

ing factual data, e. g., treatment received and nurses' progress notes. Indeed, some of the records would reflect appellant's confinement and treatment in a VA hospital on the day prior to the robbery. See Kuklis v. Hancock, 5 Cir., 1970, 428 F.2d 608; Birdsell v. United States, 5 Cir., 1965, 346 F.2d 775, on the admissibility of such records.

■ The exclusion of the record of the adjudication of appellant as incompetent by a Florida state court was also error. It was relevant to the issue being tried and its weight was for the jury. See Rule 27, F.R.Crim.P., and Tomlin v. Beto, 5 Cir., 1967, 377 F.2d 276, on the admissibility of this official record. Cf. Hintz v. Beto, 5 Cir., 1967, 379 F.2d 937, on the critical nature of such a record where mental capacity is in issue.

■ As an alternative position on this point, the government urges harmless error from the fact that defense witnesses testified that appellant had been adjudged incompetent. We reject this argument. The evidence in question was both pertinent and powerful when compared to oral testimony.

■■ With respect to the retrial of this matter, we have heretofore referred to the principle of liberality in the admission of evidence on the issue of mental capacity. There is one other important principle which was involved in the previous trial and which will likely arise on the retrial. This principle has to do with the admissibility of opinion testimony of lay witnesses concerning a defendant's mental capacity. Such testimony, whether for the prosecution or defense, requires that the facts underlying such opinion be also admitted into evidence. This principle was not altogether applied in the case of the testimony of the stepbrother of appellant as to the facts underlying his opinion. The necessary degree of acquaintance between the witness and the defendant, a prerequisite to opinion testimony, is a question to be determined by the district court in its sound discretion. See Johnson v. United States, 5 Cir., 1970, 433 F.2d 245; Brown v. United States, 5 Cir., 1965, 351 F.2d 473.

■ This does not mean that hypothetical questions may be postulated to a lay witness as is the case with an expert. The court did not err in refusing to permit defense counsel to address such questions to the stepbrother.

Reversed and remanded for further proceedings not inconsistent herewith.