**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Daniel Clarence COLLINS, Jr.,
Defendant-Appellant.**

**No. 73–2407.**

United States Court of Appeals,
Fifth Circuit.

April 1, 1974.

---

Robert J. Kelly, Oxford, Miss. (court-appointed), for defendant-appellant.

H. M. Ray., U. S. Atty., Alfred E. Moreton, III, Asst. U. S. Atty., Oxford, Miss., for plaintiff-appellee.

Before COLEMAN, CLARK and GEE, Circuit Judges.

COLEMAN, Circuit Judge:

Daniel Clarence Collins was convicted on a jury verdict of the armed robbery of a bank, the deposits of which were insured by the Federal Deposit Insurance

Corporation. That Collins was a participant in the robbery is undisputed; the defense was built around the proposition that as a result of mental disease or defect Collins lacked substantial capacity either to appreciate the wrongfulness of his conduct or to conform it to the requirements of the law, Blake v. United States, 5 Cir., 1969, 407 F.2d 908 (en banc).

This defense provoked some interesting skirmishes, launched from several procedural or evidentiary salients. Nevertheless, we affirm.

The defense was not altogether without merit. Collins had been discharged from military service on account of schizophrenia. The medical evidence reveals increasing psychiatrical care in the two years immediately preceding the robbery. There was further evidence, however, that the mental abnormality from which the defendant suffered was marked by periods of remission. The prosecution insisted that at the time of the robbery the schizophrenia was, in fact, in remission. Both sides introduced evidence in support of their positions but we need not go into detail since the jury believed one and rejected the other.

■■■ When raised as a defense to a criminal prosecution, the issue of a defendant's sanity is a question for the trier of the fact, to be determined from all the evidence, United States v. Harper, 5 Cir., 1971, 450 F.2d 1032. As to the considerable expert testimony introduced by the government and the defendant, it must be said that questions of credibility and the weight of expert testimony are for the jury. Such expert testimony is ordinarily not conclusive, even when uncontradicted, Mims v. United States, 5 Cir., 1967, 375 F.2d 135; United States v. Pitts, 5 Cir., 1970, 428 F.2d 534, cert. den., 400 U.S. 910, 91 S. Ct. 154, 27 L.Ed.2d 149 (1970).

There was no error in the denial of the motions for a directed verdict of not guilty.

This remands us to the consideration of other points raised by this appeal.

■■■ First, it is argued that the District Court erred in declining to determine Collins' lack of legal responsibility on the date of the robbery in a pretrial motion to dismiss under the Federal Rules of Criminal Procedure. We disagree. As already indicated, an allegation of mental incapacity as a defense goes to the merits and is for the determination of the trier of the fact. See, also, United States v. Huff, 5 Cir., 1969, 409 F.2d 1225, cert. den., 396 U.S. 857, 90 S.Ct. 123, 24 L.Ed.2d 108 (1969). It necessarily follows that Rule 12(b)(1) of the Federal Rules of Criminal Procedure invests the trial judge with no authority to decide this issue as a matter of law rather than submitting it to factual exploration and decision. Even if this were not so, matters which may be decided under a Rule 12(b)(1) pre-trial motion may, in the discretion of the trial judge, be postponed to the trial on the merits, United States v. Covington, 1969, 395 U.S. 57, 89 S.Ct. 1559, 23 L. Ed.2d 94.

■■■ In rebuttal, the government offered and the Court admitted a statement which Collins gave the F.B.I. soon after the commission of the offense. The statement was neither offered nor admitted as proof that Collins committed the offense. That he did so was undisputed. Its purpose was to show the mental condition of the appellant at the time he gave the statement, i. e. to rebut the defense of insanity. The District Judge first held a Jackson v. Denno hearing and found that the appellant freely and voluntarily gave the statement in question. The defense strongly contended that the defendant's mental condition foreclosed any notion of voluntariness. A reading of the statement, however, demonstrates no irrationality or lack of contact with reality. Rather, it shows that Collins was keenly aware of what he needed to say in order to exculpate himself. The finding of voluntariness will not fit into the clearly erroneous mould. At the point offered, the

statement was admissible for the purpose for which it was introduced, United States v. Roberts, 5 Cir., 1972, 470 F.2d 1190.

■ This brings us to the final point. At a very early stage in the case, Collins was given a competency hearing and was found at that date to be incompetent to stand trial. Two months later, another hearing resulted in a finding to the contrary. At the trial on the merits, the defense unsuccessfully attempted to spread before the jury the original order adjudging Collins incompetent to stand trial. Appellant advances the argument that the failure to admit the order was error. We think not. Competency to stand trial at a particular time goes not to the mental condition existing at the time of the alleged offense; it is concerned solely with whether the defendant is then able to confer intelligently with counsel and to competently participate in the trial of his case. More specifically, it has nothing to do with the merits of the case; it is a separate issue. This is somewhat implicit in the rule which denied the government the right to introduce in evidence an order finding the defendant competent to stand trial, 18 U.S.C., § 4244.

■ This does not mean, of course, that the defendant may not introduce at the trial on the merits any competent evidence adduced at the hearing to determine competency to stand trial. It means only that the defense may not becloud the issue which the jury is to decide by the introduction of the result reached on an entirely different issue, decided as to a different time frame and governed by different standards of decision.

■ It is suggested, also, that the appellant may not have had the effective representation of competent counsel. Our reading of the record compels us to exactly the opposite view. As may be discerned from the preceding portions of this opinion, counsel allowed no hopeful contention to escape his attention; on the way down the cliff toward conviction he seized hold of every bush or rock which offered any hope of breaking or preventing the fall. In fact, counsel did such a good job that up until the jury so decided, the conviction of his client was, as the Duke of Wellington said after the Battle of Waterloo, a very "near thing".

The evidence abundantly supports the belief, implicit in the verdict, that this unfortunate young man did suffer from schizophrenia, but that on the day of the robbery he was in remission and his behaviour, other than the robbery itself, was that of a normal person.

The judgment of the District Court is

Affirmed.