Gabrielli, J. (concurring).
I am in agreement with the majority to the extent that the order of the Appellate Term should be affirmed. The issue I take with the majority is in their holding that the defendant committed 1 ‘ an act which flowed from mental disease or defect ” and that “ [h]e was, therefore, beyond any doubt, incapable of conforming his conduct to the requirements of law ”.
*824 Although the defendant had been arrested for and tried on charges of (1) reckless endangerment, second degree (Penal Law, § 120.20), (2) attempted assault, third degree (Penal Law, §§ 110.00, 120.00) and (3) possession of a weapon as a misdemeanor (Penal Law, § 265.05, subd. 9), he stands convicted only of the latter charge, the validity of which is the subject of this appeal. The factual background of the act is not in dispute and, in fact, the defendant testified to possession of the weapon. He contends that he was not criminally responsible for his act because he was insane at the time of the occurrence within the meaning of section 30.05 of the Penal Law.* In support of his claim, defendant relies on the testimony of Dr. Thea Stepler, who, pursuant to court order, had examined the defendant on the day following his arrest, to determine his ability to stand trial. On the examination defendant was found incompetent to stand trial because he was “ severely emotionally disturbed ” with a “ paranoid and schizophrenic condition which was chronic and insidious ’ ’. He was later found competent to stand trial. Upon the trial Dr. Stepler stated that at the time of the commission of the crime the defendant probably would know the consequences of his act but that he might not know that such an act would be wrong. However, the defendant himself clearly and unequivocally testified that he was aware of the consequences of his act and when asked if he knew that it was wrong, he replied “ absolutely ”.
Simply stated, the triers of the fact were presented with the issue of insanity, the determination of which was dependent upon a resolution of a pure question of fact which was affirmed by Appellate Term. (See People v. Horton, 308 N. Y. 1, 12; Brown v. United States, 351 F. 2d 473; Dusky v. United States, 295 F. 2d 743, cert. den. 368 U. S. 998.) Based on this .testimony, they were entitled to find that the defendant knew “ the nature and consequences ” of his conduct and that “ such conduct was wrong ” and thus find criminal responsibility under section 30.05 of the Penal Law. Their resolution of these questions and the finding of guilt on the charge of possession of a weapon need not be disturbed.
*825 Chief Judge Breitel and Judges Jones, Wachtler, Rabin and Stevens concur in memorandum; Judge Gabrielli concurs in a separate memorandum in which Judge Jasen concurs.
Order affirmed.

 Penal Law (§ 30.05) provides that: “ 1. A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental disease or defect, he lacks substantial capacity to know or appreciate either: (a) The nature and consequences of such conduct; or (b) That such conduct was wrong.”