**STATE of Missouri, Plaintiff-Respondent,**

v.

**Allan TURPIN, Defendant-Appellant.**

No. 47263.

Missouri Court of Appeals,
Eastern District,
Division One.

July 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1984.

Application to Transfer Denied
Oct. 9, 1984.

Douglas L. Levine, Union, for defendant-appellant.

John Ashcroft, Atty. Gen., Robert L. Swearingen, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SNYDER, Presiding Judge.

Allan Ray Turpin appeals from a jury trial judgment convicting him of rape, sodomy and kidnapping. §§ 565.110, 566.030, 566.060 RSMo. 1978. Turpin received a life sentence for the rape, a second life sentence for the sodomy, and a fifteen year sentence for the kidnapping, all to be served consecutively. The judgment is affirmed.

Appellant contends the trial court erred: (1) in denying his motion to dismiss because the state failed to bring him to trial within 180 days of arraignment as required by § 545.780 RSMo.1978; (2) in permitting the prosecuting attorney to ask an argumentative question during cross-examination of a defense witness; (3) in allowing evidence of other crimes; (4) in denying his motion for a mistrial when the prosecuting attorney asked a defense witness if the witness were aware that the accused had raped another girl; (5) in overruling his objections to allegedly improper closing argument by the prosecuting attorney; and (6) in omitting a paragraph from the verdict directing instructions which would have referred to the accused's alleged mistake of fact regarding the victim's consent.

During the early morning hours of August 1, 1981 the victim and members of her family and a friend were travelling by automobile through Jefferson County on Highway 67 when a flat tire forced them to the side of the road. Because they had no spare tire and could not afford to hire a tow truck, the travellers decided to spend the night in the car.

Appellant twice visited the entourage. During his first visit, which occurred before the victim and her family decided to spend the night in the car, appellant was told that the automobile needed a spare tire. He then determined he could not be of assistance and left. When he returned to the car after the occupants had settled down for the night, appellant abducted the victim at gun point after threatening to shoot her eleven month old son.

Appellant compelled the victim to ride with him in his automobile. After parking his car in some tall weeds, appellant forcibly raped and sodomized the victim. He then allowed her to dress and drove her back to where her car was parked. Upon seeing police cars there, appellant speeded up, drove past the police cars until they were out of sight, and released the victim to walk back to her car.

Appellant relied solely on the defense of mental disease or defect. To establish the defense, he introduced the testimony of two psychiatrists who had conducted separate court-ordered psychiatric examinations of appellant.

The jury evidently disbelieved the psychiatrists. After deliberating only twenty minutes, the jury returned its verdicts of guilty.

■ The first point relied on charges trial court error in not dismissing the charges because the state failed to bring appellant to trial within 180 days of arraignment as required by § 545.780 RSMo. 1978. The point is denied.

It is unnecessary to recite the details of, and the times required for, the procedural steps which caused the time between arraignment and trial to exceed the 180 days specified in § 545.780 RSMo.1978, the speedy trial statute. Enough time was excludable under the statute to bring the trial within the allowable 180 days.

An extended discussion of this point would have no precedential value and it is denied in compliance with Rule 84.16(b).

■ Appellant next contends that the trial court erred in allowing the prosecuting attorney to ask a psychiatrist who testified for the defense an argumentative question during cross-examination. The prosecuting attorney asked the doctor if it were correct that he didn't care whether or not the patient had lied to him.

■ The trial court is vested with broad discretion in determining the permissible scope of cross-examination. *State v. Lue*, 598 S.W.2d 133, 138[8, 9] (Mo. banc 1980). That discretion was not abused here. The point is without merit.

■ For his third point, appellant maintains that plain error was committed when the trial court overruled his motion in limine to exclude the state's rebuttal evidence of three other sexual offenses committed by appellant. Point three is also denied.

At first glance, it might seem that the evidence of the other sexual offenses would fall squarely within the rule prohibiting evidence of other crimes. See *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (en banc 1954). The evidence was adduced in rebuttal, however, to the testimony of appellant's psychiatric experts that appellant was not responsible for the crimes charged because of mental disease or defect. The evidence was admissible for this purpose. *United States v. Emery*, 682 F.2d 493, 499[8] (5th Cir.1982) cert. den., 459 U.S. 1044, 103 S.Ct. 465, 74 L.Ed.2d 615 (1982); see also *United States v. Davis*, 513 F.2d 319 (5th Cir.1975), cert. den., 424 U.S. 921, 96 S.Ct. 1129, 47 L.Ed.2d 329 (1976).

As in *United States v. Emery, supra,* the other crime evidence here refutes the defense of mental disease or defect. The

evidence shows appellant as a man preying upon helpless women, using force, attempting to conceal his actions and fleeing from the scene. The evidence permits an inference that he knew his conduct was wrongful.

The state adduced the evidence as rebuttal to appellant's case. The trial court issued a limiting instruction to the jury. Under the circumstances it cannot be said that the state made an impermissible use of the extrinsic crime evidence.

■ Appellant asserts for his fourth point that the trial court erred in denying his motion for a mistrial, which was made after the prosecuting attorney asked defendant's expert psychiatric witness the following question: "And were you also aware that in 1977 that this individual forcibly raped one [victim's name omitted]?" The point is denied.

Appellant's objection to the question was sustained, but his motion for a mistrial was denied. Whether to grant the motion for a mistrial was a decision reserved to the sound discretion of the trial court. *State v. Holt*, 660 S.W.2d 735, 737[6] (Mo.App.1983). The requisite showing of a clear abuse of that discretion and substantial prejudice to the defendant has not been made here.

■ For his fifth point relied on, appellant argues that the trial court erred in overruling his objections to three portions of the state's closing argument. The argument is without merit.

"The trial court is afforded wide discretion in determining the permissible scope of counsel's argument to the jury and unless an abuse of discretion is demonstrated, to the prejudice of the accused, the case will not be reversed on appeal." *State v. Wood*, 596 S.W.2d 394, 403[27, 28] (Mo. banc 1980) cert. den. 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98. No abuse of discretion to the prejudice of appellant has been shown.

Appellant's final point relied on is that the trial court erred in submitting the verdict directing instructions for sodomy, Instruction No. 7, and rape, Instruction No. 11, because the instructions did not hypothesize appellant's lack of belief of the victim's consent as an element of those crimes. The point is denied.

Instructions 7 and 11 are MAI–CR2d 20.- 08.1 and 20.02.1, respectively. The Notes on Use to these instructions require the inclusion of a fourth paragraph whenever there is a mistake of fact defense, such as a belief that the victim consented to the defendant's acts. Appellant maintains that here a fourth paragraph should have been added to Instructions No. 7 and No. 11 to refer to his mistake of fact.

Although appellant does not assert error because of the failure to give an instruction on mistake of fact, an instruction on mistake of fact is required, whether requested or not, if supported by the evidence. See MAI–CR2d 2.37.1 Note on Use 4.

Appellant relies on testimony by the psychiatrists as the evidentiary basis for the mistake of fact defense. The two psychiatrists testified that appellant had told them that he believed the victim was consenting to the sexual intercourse. Dr. Daniel stated, "... [I]t was [appellant's] firm conviction or firm beliefs to the point of delusion that [the victim] was inviting him." Dr. Parwatikar testified that appellant felt that the victim wanted to have sex with him and that he had used the gun only to give her an excuse to leave her family. He then stated, "It was [appellant's] firm belief that he had not done anything wrong because of his particular belief, which I believe was a result of his mental illness." Appellant did not testify.

■ Whether the evidence may have supported giving of a mistake of fact instruction and paragraph four of Instructions No. 7 and No. 11 is an issue which need not be resolved in the case under review. Even assuming for the sake of argument that it was error not to give a mistake of fact instruction, the error was not prejudicial to appellant.

Appellant gave the court written notice prior to trial that he had "no defense to the charges pending against him ... other

than the defense of mental disease or defect excluding responsibility ..." Because of his express waiver of all defenses other than mental disease or defect, appellant was not prejudiced by the trial court's failure to instruct the jury on mistake of fact.

The judgment is affirmed.

SATZ and GAERTNER, JJ., concur.