Allan TURPIN, Appellant,

v.

STATE of Missouri, Respondent.

No. 53518.

Missouri Court of Appeals, Eastern District, Division One.

May 24, 1988.

Steven M. Davis, Hillsboro, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was convicted by a jury of kidnapping, § 565.110, rape, § 566.030, and sodomy, § 566.060. He was sentenced to two life terms and one fifteen-year term, to be served consecutively. Movant's convictions were affirmed on appeal in *State v. Turpin*, 676 S.W.2d 49 (Mo.App.1984).

Movant seeks to vacate these convictions because of ineffective assistance of counsel. He asserts his counsel was ineffective in failing to inquire whether movant was competent to stand trial and in failing to present this issue to the trial court.

Movant testified in his own behalf at the evidentiary hearing. He stated he was under psychiatric care and taking various medications for psychiatric problems during his trial. He further testified these medications prevented him from participating in his defense in a meaningful way. On cross-examination, movant admitted two psychiatrists who testified at his trial stated he was competent to stand trial. The State's only evidence was submission of movant's medical records.

The motion court found movant's testimony regarding his competency was not credible in light of independent psychiatric evaluations which found him competent. The determination of the credibility of witnesses, including movant, is for the motion court. *Johnson v. State*, 615 S.W.2d 502, 505 [2] (Mo.App.1981).

In order to prevail on a claim of ineffective assistance of counsel, movant must show his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances and he was prejudiced thereby. *O'Neal v. State*, 724 S.W.2d 302, 305 [3] (Mo.App.1987).

By movant's own testimony, two psychiatrists evaluated him to be competent to stand trial. Faced with these evaluations, movant's attorney was not deficient in failing to pursue the issue. *See Cole v. State*, 553 S.W.2d 877, 883–84 [11, 12] (Mo.App. 1977); *see also Shubert v. State*, 518 S.W. 2d 326, 328 [3, 4] (Mo.App.1975).

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.