STATE of Missouri,
Plaintiff–Respondent,

v.

Alvin L. HUNTER,
Defendant–Appellant.

No. 52783.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 20, 1988.

Terry J. Flanagan, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

STEPHAN, Presiding Judge.

After a change of venue from Franklin County, defendant was tried and found guilty in Gasconade County of receiving stolen property of a value in excess of $150.00 in violation of § 570.080 RSMo 1986, a Class C felony. He was sentenced to seven years of imprisonment after he was determined to be a prior offender. Defendant appeals the conviction and sentence; we affirm.

The victim, Albert Tessmer, owned a home in Beaufort, Missouri, where he lived alone. Mr. Tessmer, who was seventy-eight years of age at the time of trial, did not stay at his home at night because there was no phone service or electricity. A member of the neighboring Holtmeyer family would regularly pick him up in the evening; he would sleep at their home, and they would return him to his home in the

morning. Returning home on the morning of August 25, 1985, Mr. Tessmer noticed that a break-in had occurred. Mr. Tessmer owned a number of antiques, which were taken, including clocks, chairs, lamps, tools and quilts.

Mrs. Holtmeyer, a friend of Mr. Tessmer, spoke to an acquaintance, Mrs. Julius, about the incident. After hearing a description of some of the stolen items, Mrs. Julius took Mrs. Holtmeyer to the homes of Glen Frankenberg, a part-time antique dealer, and defendant. They observed several items belonging to Mr. Tessmer at both places. Defendant allowed Mrs. Holtmeyer to take three antique wood planing tools home to show her husband. Mr. Tessmer identified the tools and they were taken to the sheriff's office.

Later that evening, Detective Tom Yoder went to defendant's home, but he was not there. The police located defendant's white truck across the street from Glen Frankenberg's home and placed it under surveillance. Approximately twenty minutes later defendant and Kelly O'Toole arrived in O'Toole's van. Defendant got out of the van and O'Toole drove off.

Detective Yoder asked defendant to join him in the police car, and advised defendant that he was not under arrest. Yoder read the *Miranda* rights to defendant who acknowledged that he understood them. Yoder told defendant that the police were investigating the theft of a number of antiques. Yoder was then notified by radio that O'Toole's van had been stopped by Lieutenant Jones of the Union, Missouri, Police Department, that it appeared to have a large number of antiques in it, and that O'Toole was going to drive it to police headquarters. At Yoder's request, defendant drove his van to police headquarters, and Yoder followed.

While defendant waited inside the headquarters, police searched both vehicles. O'Toole's red van was full of antiques.

Defendant's truck was empty. Mr. Tessmer arrived at the scene with Mrs. Holtmeyer and identified most of the articles found as his.

Defendant was questioned. He told police that after Mrs. Holtmeyer left his house that afternoon he decided to get rid of the antiques before the police came after him. Defendant told them that the rest of Mr. Tessmer's things were at his house.

Detective Yoder requested permission to search defendant's house, and defendant consented. Numerous items belonging to Mr. Tessmer were recovered as a result of the search.[1]

Defendant raises four points on appeal. They are: (1) The trial court erred in admitting items seized and testimony regarding the search of defendant's house because the search was illegal since defendant's consent was not voluntarily given. (2) The trial court erred in not declaring a mistrial because the prosecuting attorney's comments during his closing argument could only be construed as a comment on defendant's failure to testify on his own behalf. (3) The trial court erred in submitting Instruction No. 15 to the jury because it was a misstatement of the law and confused the jurors. (4) The trial court erred in submitting Instruction No. 12 to the jury because it did not contain essential elements of the crime charged, did not list the items allegedly stolen and did not clearly set forth that Count III was an alternative to Counts I and II.

Appellant first claims that the search of defendant's home was illegal because his consent was the product of duress and coercion. We do not agree.

■ A search without a warrant is lawful if it "is a search conducted pursuant to consent." *State v. Clark*, 671 S.W.2d 1, 3 (Mo.App.1983). Whether a consent is valid is determined by the totality of the circumstances. *Id.* at 4. Voluntary consent is not necessarily precluded merely because

---

1. Appellant's brief has been of little help to us in marshaling the facts of this case. In blatant violation of Rule 84.04(h), his statement of facts contains no references to pages of the transcript. In the "Argument" section of his brief, appellant makes two references to pages of the transcript. One of these is to page 266. The transcript, however, contains only 260 pages of testimony.

the defendant is in police custody. *State v. Johnson*, 618 S.W.2d 191, 193 (Mo.1981).

In this case, defendant volunteered that other items belonging to the victim could be found at defendant's house. The police requested permission to search and permission was granted. At the time he gave this permission defendant had not been arrested or handcuffed. He voluntarily drove his van to the police station. The only evidence of "duress" is that defendant's *Miranda* rights were read to him.

Defendant has not presented any viable evidence of coercion. The police did not abuse their authority in any way. In fact, it seems they made sure defendant was informed of all of his rights before proceeding. We therefore hold that the consent was given voluntarily and the search was lawful.

Defendant next contends that the trial court erred in not declaring a mistrial because of prosecutor misconduct. Defendant did not testify at trial. During closing argument the prosecutor stated, "[s]o let's look at what the defendant did as well as what he said. Incidentally, what he told Tom Yoder, those statements are uncontradicted here in evidence today." The court, after defense objection, admonished the prosecutor not to come too close to crossing the line and inadvertently pointing out that defendant did not testify. Defense counsel's request for a mistrial on the same grounds was also denied. While it is true that the prosecutor may not comment on the fact that defendant did not testify, he may, however, characterize the evidence as uncontradicted as was the case here. *State v. Raiford*, 716 S.W.2d 434, 436 (Mo.App.1986).

The statement here was not a direct and certain reference, it was merely a comment on the weakness of defendant's case. Defendant's comments to Detective Yoder were uncontradicted by *any* evidence. The statement did not cross the line, therefore, the point is denied.

Defendant's third point is that Instruction No. 15 was confusing to the jurors. Instruction No. 15 read as follows:

The defendant is charged with a separate offense in Counts I and II submitted to you. Each of these offenses and the evidence and law applicable to it should be considered separately. Any evidence which was or has been limited to one of the offenses charged or one purpose should not be considered by you as to another offense charged or for any other purpose.

You may find the defendant guilty or not guilty on either or both of Counts I and II submitted against him.

That should you find the defendant guilty of either Count I or Count II, you should render a separate verdict as to each Count I and Count II submitted against the defendant, and no verdict as to Count III.

The defendant is charged in Count I with the offense of burglary in the second degree and in Count II with the offense of stealing and in Count III with the offense of receiving stolen property by disposing of the same. Count III is made in the alternative to Counts I and II and in effect alleges that the defendant either committed one or both of the offenses charged in Counts I and II or the other (Count III). Each Count and the evidence and law applicable to it should be considered separately. Any evidence should be considered separately. Any evidence which was or has been limited to one of the offenses charged or one purpose should not be considered by you as to another offense charged or for any other purpose.

You may find the defendant guilty of one or the both of the offenses submitted to you in Counts I and II but you should not find him guilty of Count III and either of the others, or you may find him not guilty of any of the offenses charged.

That should you find the defendant guilty of Count III, you will return your verdict on only the forms applying to receiving stolen property by disposing of the same supplied for your convenience.

Counts I and II charged burglary, second degree, and stealing property having a val-

ue in excess of $150, respectively. Count III charged defendant with receiving stolen property of a value of at least $150 by disposing of it knowing or believing it to have been stolen. Defendant claims that the instruction gave no clear directive to the jurors that they might find defendant not guilty on all three counts.

Supreme Court Rule 28.02(c) states that "Whenever there is an MAI–CR instruction or verdict form applicable under the law and Notes On Use, the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form."

MAI–CR2d 2.70 and 2.71 were both applicable here. Section 2.70 explained multiple counts requiring separate verdicts and 2.71 explained multiple alternative counts. Instruction No. 15 was a combination of these two sections as is apparent. The only changes made to the instructions were grammatical as a result of combining them.

We do not find the instruction ambiguous. The jury was not required to find the defendant guilty of any count, as defendant claims. The jury was directed that defendant could be found guilty of one or both of Counts I and II *or* guilty of Count III, and if it found him guilty of either Count I or Count II, it should render no verdict as to Count III. It further clearly explained that "Count III is made in the alternative to Counts I and II and in effect alleges that the defendant either committed one or both of the offenses charged in Counts I and II or the other (Count III)." The jury was also instructed that they "may find him not guilty of any of the offenses charged."

We find that the verdict returned by the jury was consistent with the instruction, and that the instruction was not a misstatement of the law because it is an MAI–CR2d approved form.

The last point on appeal states that there was error in giving Instruction No. 12 to the jury because it did not contain the essential elements of the crime charged (receiving stolen property), it did not list the items allegedly stolen, and did not clearly state that the charge of receiving

stolen property was to be considered in the alternative to the charges of burglary and stealing without consent. Instruction No. 12 read as follows:

As to Count III, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about August 26, 1985, in the County of Franklin, State of Missouri, the Defendant disposed of furniture and personal property, and

Second, that the property was that of another, and

Third, that at the time Defendant disposed of this property, he knew or believed it had been stolen, and

Fourth, that the Defendant disposed of the property for the purpose of withholding it from the owner permanently, and

Fifth, that the property had a combined value of at least one hundred and fifty dollars,

then you will find the Defendant guilty under Count III of receiving stolen property.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the Defendant not guilty of that offense.

MAI–CR2d 24.10 provided the form for this instruction. Defendant claims error in the fact that the instruction's second proposition omits the requirement that the jury find that the property had in fact been stolen. In deleting that requirement the trial court simply updated the format of the instruction to conform with present law. We find no error in making this change and there was no prejudice to defendant because of the change.

■ Under the current statute, § 570.080(1) RSMo 1986, which became effective January 1, 1979, it is no longer necessary to prove that the property was stolen. The state only has the burden of showing that defendant believed that it had been stolen at the time he received, retained, or disposed of it.

This very point was addressed in *State v. Sweeney*, 701 S.W.2d 420 (Mo. banc 1985). In that case police borrowed a watch that they told defendant was stolen. Defendant bought the watch. During his trial, the defendant maintained that the state had not made a submissible case because the property was not, in fact, stolen. The Supreme Court reasoned that, under the changes effected by § 570.080, it was no longer necessary to show the property was stolen or that the defendant knew it was stolen. It was enough to show that the defendant believed it was stolen. *Sweeney*, 701 S.W.2d at 423.

█ Defendant also claims the instruction did not properly list the items allegedly stolen. This contention is unsupported. We find that the instruction directed the jury as to the ultimate issue and a complete list was not required. *Smith v. Wohl*, 702 S.W.2d 905, 909 (Mo.App.1985). The evidence was uncontradicted that the aggregate value of the stolen antiques was far in excess of $150.

Lastly, defendant claims the instruction did not clearly specify that Count III was an alternative to Counts I and II. This matter was spelled out in Instruction No. 15. We, therefore, find no prejudice to defendant. *State v. Williams*, 382 S.W.2d 597, 601 (Mo.1964); *State v. Price*, 689 S.W.2d 380, 382 (Mo.App.1985). The point is denied.

The judgment of the trial court is affirmed.

DOWD and PUDLOWSKI, JJ., concur.