**STATE of Missouri, Respondent,**

**v.**

**Willie L. RICHARDSON, Appellant.**

**No. WD 42208.**

Missouri Court of Appeals,
Western District.

Dec. 18, 1990.

Daniel C. Miller, Sp. Public Defender, Jacqueline K. McGreevy, Asst. Sp. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Geoffery W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, J., Presiding, and SHANGLER and MANFORD, JJ.

LOWENSTEIN, Judge.

The defendant, Willie L. Richardson, was jury convicted of selling cocaine, a controlled substance, pursuant to § 195.020 RSMo (repealed). He was sentenced to six years imprisonment.

Richardson alleges two errors on appeal: (1) that the trial court abused its discretion and prejudiced his rights under the Sixth and Fourteenth Amendments of the U.S. Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution when the trial court overruled his motion for mistrial made after the prosecutor stated in closing, "Do not think this is just his first time doing it; this is the first time he has gotten caught," and (2) that the trial court abused its discretion and prejudiced his same rights by overruling his objection to a police officer's testimony that police went to

Richardson's residence after receiving citizens' complaints that the house was being used as a drug house. Richardson, however, does not challenge the sufficiency of the evidence supporting the guilty verdict.

On January 30, 1989, officers of the Kansas City, Missouri, Drug Enforcement Division investigated the residence at 7012 South Benton Street in Kansas City in response to reports of drug sales and distribution at that address. Detective Luke went with another officer to the suspected crack house, and knocked on the door. When Richardson answered, Detective Luke asked him for a $30.00 rock of cocaine. Richardson replied he didn't have any, but would have to go to an address several doors away, 7026 South Benton. Richardson went to 7026 South Benton and returned with a quantity of cocaine in crumb, rather than rock, form. Richardson was later charged and found guilty of sale of a controlled substance under § 195.020 RSMo (repealed).

At trial, Officer Brown testified that she and an undercover officer went to 7012 South Benton because there had been citizens' complaints that the house was being used as a drug house. Over defense counsel's objection, the trial court allowed the testimony only to explain the officer's conduct and not for the truth of the matter asserted.

In closing, the prosecutor stated, "Do not think that this is just his first time doing it; this is the first time he has gotten caught." Defense counsel objected and moved for a mistrial. The judge denied the motion for mistrial, but sustained the objection and instructed the jury to disregard the prosecutor's comment.

■ Richardson argues the court erred in not granting a mistrial because the prosecutor's comment in closing was improper and prejudicial. Missouri case law abounds with determinations that "declaration of a mistrial because of improper prosecutorial argument is a drastic remedy, should be utilized only in extraordinary circumstances, is a matter initially resting in the broad discretion of the trial court, and the trial court's exercise of such discretion, absent a manifest abuse thereof, shall not be interfered with on appeal." *State v. Reed*, 629 S.W.2d 424, 428 (Mo.App.1981).[1]

■ Richardson correctly argues that the prosecutor's comment during closing was improper because it referred to matters not in evidence. *State v. Hornbeck*, 702 S.W.2d 90, 93 (Mo.App.1985). There was no evidence that Richardson had sold controlled substances before, even though prosecution was able to bring out that Richardson previously pled guilty to two counts of stealing and three counts of possession of marijuana. Nevertheless, a court's failure to grant a mistrial because of a prosecutor's reference to matters not in evidence during argument "does not ipso facto spell abuse of discretion." *State v. Reed*, 629 S.W.2d at 428. The improper comment must be viewed against the entire record to determine whether "it so prejudicially 'tipped the scales' as to deny defendant a fair trial." *Id.*

Richardson admits he does not challenge the sufficiency of the evidence. Furthermore, the court sustained defense counsel's objection and told the jury to disregard the improper comment. The prosecutor immediately abandoned the improper argument. Finally, the court's admonition to the jury to disregard improper argument usually will be deemed to cure its prejudicial effects. *State v. Davison*, 601 S.W.2d 623, 627 (Mo.1980). Richardson has failed to show that it was the improper comment that caused the jury to render a guilty verdict. Appellants point I is denied.

■ Richardson's second point on appeal is that the court abused its discretion by overruling his objection to police testimony that police went to Richardson's residence after receiving citizens' complaints that the

---

**1.** Citing to *State v. Schlagel*, 490 S.W.2d 81 (Mo. 1973); *State v. Williams*, 602 S.W.2d 209 (Mo. App.1980); *State v. Hodges*, 586 S.W.2d 420 (Mo. App.1979); and *State v. Wright*, 558 S.W.2d 321 (Mo.App.1977). *See also State v. Lomax*, 712 S.W.2d 698, 699–700 (Mo.App.1986); *State v. Williams*, 664 S.W.2d 226, 228 (Mo.App.1983); and *State v. Tatum*, 656 S.W.2d 305, 308 (Mo. App.1983).

house was being used as a drug house. Richardson contends this testimony was irrelevant, inadmissible hearsay and was offered to prove that the house at 7012 South Benton was a drug house. The record, however, shows the trial court admitted the testimony not for the truth of the matter, but to explain the officers' conduct. Admitting the police officer's testimony to explain subsequent police conduct is permissible in this case. *State v. Lewis*, 576 S.W.2d 564, 566–567 (Mo.App.1978). Appellant's second point on appeal is denied. The judgment is affirmed.