STATE of Missouri, Plaintiff–
Respondent,

v.

Tony NENNINGER, Defendant–
Appellant.

No. 18915.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 15, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
March 16, 1994.

Application to Transfer Denied
April 26, 1994.

Tony Nenninger, pro se.

No appearance for plaintiff-respondent.

PREWITT, Judge.

Defendant was charged with and convicted of parking a vehicle in an unauthorized area in a state forest contrary to § 252.045(2), RSMo 1986 (since amended, *See* RSMo Supp. 1993). Violation of § 252.045(2) is a misdemeanor punishable by up to three months in the county jail or a fine of up to $500 or a combination. § 252.230 RSMo 1986. Defendant appeals.

Defendant presents two points relied on. Citations omitted, they state:

I. The state has not met its burden of showing that the circumstantial evidence used to convict appellant is incapable of any other reasonable explanation except guilt.

II. Appellant was never advised of the consequences of representing himself in a criminal matter and therefore did not knowingly, intelligently, and voluntarily waive any right to counsel.

■ These points do not comply with the requirements of Rule 30.06(d). The requirements for a point relied on in an appellate brief are the same in a criminal case under Rule 30.06(d) as for a civil case under Rule 84.04(d). *State v. Vivone*, 857 S.W.2d 489, 497 n. 5 (Mo.App.1993). Three things are required with respect to points relied on under that rule: (1) a statement of the action or ruling complained of; (2) why the ruling was erroneous; and (3) wherein the evidence, the lack of it, or other matters support the position the party asserts the trial court should have taken. *Carrier v. City of Springfield*, 852 S.W.2d 196, 198 (Mo.App. 1993).

■ By not substantially complying with Rule 30.06 defendant preserves nothing for appellate review. *State v. Vivone*, supra at 498; *State v. Higgins*, 852 S.W.2d 172, 175 (Mo.App.1993). An insufficient "point relied on" preserves nothing for this court's review. *State v. Flemming*, 855 S.W.2d 517, 520 (Mo.

App.1993); *State v. Keith*, 811 S.W.2d 70, 71 (Mo.App.1991).

■ Although defendant is proceeding pro se, that does not change the result. A pro se defendant is bound by the same rules of procedure as an attorney. *State v. Vandeventer*, 746 S.W.2d 658, 660 (Mo.App.1988). The points here do not set forth what ruling of the trial court is complained of and at least Point I fails to show "wherein" there was trial error. The points here do not preserve anything for this court to review.

The judgment is affirmed.

CROW and GARRISON, JJ., concur.