**STATE of Missouri, Plaintiff–Respondent,**

v.

**Virgil L. BERRY, Defendant–Appellant.**

No. 19931.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 26, 1996.

Motion for Rehearing or
Transfer to Supreme Court
Denied Feb. 16, 1996.

Application to Transfer Denied
March 26, 1996.

James B. Chancellor, Kansas City, for defendant-appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Hugh L. Marshall, Asst. Attorney General, Jefferson City, for plaintiff-respondent.

GARRISON, Judge.

Virgil L. Berry (Defendant) appeals his jury conviction for first degree sexual assault and deviate sexual assault in violation of §§ 566.040 and 566.070.[1] He was sentenced as a prior offender to consecutive terms of six years' imprisonment on each count.

On this appeal, Defendant alleges trial court error in not granting a mistrial because the State referred to the fact that he had a prior conviction; in giving an instruction on verdict possibilities; in permitting the State to file an amended information without arraigning him and giving him an opportunity for a preliminary hearing on the new charges; and in overruling his motion for judgment of acquittal.

The facts, viewed in the light most favorable to the jury verdict, are as follows: In January, 1990, Defendant, age thirty-six, and three other men went to the apartment building where fourteen-year-old K.B. lived. At the request of one of the men, K.B. joined them in a car driven by Defendant to "party" and "cruise[ ] town a little bit." Defendant and the four passengers were all drinking alcohol as they drove around and later searched for a party in another town. As Defendant drove, he began talking to one of the male passengers about "getting some p____." K.B., who did not know Defendant well, began crying but was assured by anoth-

---

1. All references to statutes are to RSMo 1986, and all references to rules are to Missouri Rules of Criminal Procedure (1995), unless otherwise noted.

er passenger that Defendant was "just joking."

Shortly thereafter, Defendant pulled the car off the road and ordered the two men who were in the backseat with K.B. to get out of the car. Although K.B. attempted to stop them from leaving, they claimed that the other men were "bigger" and got out as instructed. The third man, who would periodically "pass out," remained in the passenger side of the front seat. K.B. testified that Defendant produced an open pocket knife and told her to take her clothes off. When K.B. removed her pants, Defendant got into the backseat and had sexual intercourse with her. Following Defendant's commands, K.B. then positioned herself so that she was facing the backseat while kneeling between the two front seats. K.B. then testified that she complied with Defendant's order to put his penis in her mouth. After approximately five to ten minutes, Defendant allowed K.B. to stop and put her clothes back on.

When the other two passengers returned to the car, Defendant drove to a trailer in the town where the trip commenced. At the trailer, K.B. again performed oral sex on Defendant, pursuant to his demand, while he simultaneously did the same to her.

Later the same night, Defendant took the group to a motel where K.B. spent the night with one of the other men. Before leaving the motel, Defendant asked K.B., "You know, if you report this, you know what will happen if I go to the pen and I get out?" K.B. replied, "Yeah. You'll kill me." Defendant said, "Right."

K.B. walked to her sister's home the next morning and told her that Defendant had raped her. K.B.'s sister then reported the incident to their mother, who tried unsuccessfully to convince K.B. to go to a hospital or doctor. K.B. refused, saying she had been threatened if she told. In October, 1990, however, K.B. was sent to a rehabilitation center for delinquent girls where she revealed the incident during a "sex abuse workshop." The staff supervisor reported the incident to the sex abuse hotline, after which K.B. discussed it with police.

Defendant was charged by information on July 8, 1991 with rape and sodomy in violation of §§ 566.030 and 566.060. On June 15, 1992, an amended information was filed adding the alternative counts of first degree sexual assault (Count II) and deviate sexual assault (Count IV), as well as charging Defendant as a prior and persistent offender. The jury found Defendant guilty on Counts II and IV, and he was sentenced as a prior and persistent offender to two consecutive fifteen-year sentences. On November 18, 1994, Defendant was re-sentenced as a prior offender to two consecutive six-year terms.[2]

■ In his first point on appeal, Defendant claims that the trial court erred in not granting his request for a mistrial after the Prosecutor made an improper reference to his commission of a separate crime. The incident, which occurred during the State's direct examination of a witness who was one of the backseat passengers in the vehicle on the night in question, was as follows:

Q: Did you ever talk to the Defendant about . . . these charges, Virgil Berry?

A: No.

Q: Have you ever talked to Virgil Berry's father about this?

A: Yeah.

Q: When?

A: When I was in the county jail.

. . . .

Q: Did they ever tell you that perhaps it would be in your best interest not to remember what happened?

A: No.

Q: I think you testified earlier you don't know how long you are going to be in the pen?

A: No, I don't.

. . . .

Q: I am sure you realize that if the Defendant is convicted in this case, there is a very real possibility of him going back to the pen? You are aware of that?

A: Yes, sir, I am.

At this point defense counsel asked to approach the bench where he objected to the

2. The record does not indicate the basis or reason for the resentencing.

reference to "going back to the pen" because "[i]t is not in evidence; the Defendant has not testified, and it is improper." The Prosecutor agreed that the question was improper and apologized. The only relief sought by defense counsel, however, was a mistrial. The following then occurred:

> [The Court]: Of course, if you will remember the instructions, we give an instruction on that. If I would tell them to disregard it, the last question, then, of course, they can't consider the question, so you can—I will instruct the jury to disregard that last question.
>
> And your request for a mistrial is denied.
>
> [Defense Counsel]: Okay

The trial court then instructed the jurors to disregard the last question and reminded them of Instruction No. 2 requiring them not to speculate about the answer. When the Prosecutor informed the trial court of his intent to rephrase the question, another conference was held outside the hearing of the jury. At that time, the Prosecutor told the court that his intent was to establish the witness's bias based on fear of Defendant if he were also incarcerated in the penitentiary. The trial court, however, refused to allow him to rephrase or continue that line of questioning.

■ Although the specific basis of the objection made by Defendant at trial is less than clear, the State does not contend that it was insufficient to preserve the issue now argued by Defendant. We also note the general rule that a ruling on an objection is not preserved for appellate review where, as here, an objection is not made until after the question is answered and there is no motion to strike. *State v. Moss,* 700 S.W.2d 501, 503 (Mo.App.S.D.1985). In the instant case, however, the matter complained of by Defendant was contained in the question and not the answer. Therefore, an objection before the answer was given would not have protected against its disclosure.

■ We begin our analysis of this point with the well-known principle that evidence that a defendant has committed, been accused of, been convicted of or definitely asso-ciated with another crime or crimes violates the rule that a criminal defendant has the right to be tried only for the offense with which he is charged. *State v. Hornbuckle,* 769 S.W.2d 89, 96 (Mo.banc), *cert. denied,* 493 U.S. 860, 110 S.Ct. 171, 107 L.Ed.2d 128 (1989); *State v. Garrett,* 813 S.W.2d 879, 881 (Mo.App.E.D.1991).

■ Declaration of a mistrial, however, is a drastic remedy which should be granted only in extraordinary circumstances where the prejudice to the defendant cannot be removed by any other means. *State v. Thurlo,* 830 S.W.2d 891, 893 (Mo.App.S.D.1992); *State v. Sims,* 764 S.W.2d 692, 695 (Mo.App. E.D.1988). Whether to grant a mistrial is a matter resting initially in the broad discretion of the trial court. *State v. Richardson,* 810 S.W.2d 78, 79 (Mo.App.W.D.1990). The trial court is usually in the best position to determine the necessity of a mistrial. *State v. Pendleton,* 860 S.W.2d 807, 812 (Mo.App. E.D.1993); *State v. Lumpkin,* 850 S.W.2d 388, 393 (Mo.App.W.D.1993). Review on appeal is to determine if that discretion was abused. *State v. Richardson,* 810 S.W.2d at 79; *State v. Sims,* 764 S.W.2d at 695. It has been said that an appellate court will only review the denial of a mistrial to determine whether the trial court abused its discretion as a matter of law. *State v. Pendleton,* 860 S.W.2d at 812. To constitute reversible error, there must be both an abuse of discretion by the trial court and prejudice to the defendant as a result. *State v. Lumpkin,* 850 S.W.2d at 393.

When considered in the limited context of a single question on one page of a trial transcript, the use of the word "back" in the Prosecutor's question could be construed as indicating a prior conviction and incarceration. The questions immediately preceding that question, however, were directed to the expected length of the witness's current incarceration, as well as whether anyone had suggested it was in his best interest not to remember what happened on the night in question.

■ We do not condone or excuse an improper reference to a defendant's prior criminal conviction when the defendant has not testified. "[P]rosecutors should refrain

in their ardor for victory from straying into the forbidden territory of comment on separate crimes unless related to the crime charged or pertaining to the credibility issue." *State v. Snider*, 616 S.W.2d 133, 136 (Mo.App.E.D.1981). However, not every comment or question concerning such matters, regardless of how vague or innocuous it may be, must necessarily result in a mistrial or reversal. *See State v. Pendleton*, 860 S.W.2d at 812; *State v. Richardson*, 810 S.W.2d at 79; *State v. Turpin*, 676 S.W.2d 49, 52 (Mo.App.E.D.1984). A prosecutor's improper comment must be viewed against the entire record to determine whether it was so prejudicial that it denied defendant a fair trial. *State v. Richardson*, 810 S.W.2d at 79. When the alleged error involves the improper questioning of a witness, the trial court can often diffuse the prejudice by instructing the jury to disregard the question and thereby avoid the necessity of a mistrial. *State v. Cantrell*, 775 S.W.2d 319, 322 (Mo.App.E.D.1989). *See also State v. Thurlo*, 830 S.W.2d at 893; *State v. McAlister*, 829 S.W.2d 549, 551 (Mo.App.E.D.1992); *State v. Richardson*, 810 S.W.2d at 79.

In *State v. Jasper*, 521 S.W.2d 182, 184 (Mo.App.W.D.1975), the defendant complained about the prosecutor's comment that defendant was "still" stealing for a living. The court focused its review on whether the argument was so grossly improper as to require a mistrial. *Id.* Recognizing that the seriousness of such error depends on the circumstances of the particular case, and that the decision of whether a mistrial is required rests in the discretion of the trial court, the appellate court held that the error had been sufficiently corrected by sustaining an objection and instructing the jury to disregard it. *Id.* at 185–86.

Further, when the evidence of a defendant's guilt is strong, it is less likely that the trial court will be found to have abused its discretion in denying a mistrial. *State v. Lumpkin*, 850 S.W.2d at 393; *State v. Cantrell*, 775 S.W.2d at 322–23. In the instant case, our review of the record indicates strong evidence of Defendant's guilt. Also, there is no indication in the record that the question was intentionally phrased so as to convey the existence of a prior conviction as opposed to being directed to the possibility that the witness was fearful of being in the same institution with Defendant if he testified against him. Likewise, we are unable to conclude that the one reference complained of resulted in prejudice to Defendant so as to require a mistrial, especially considering the fact that the subject was not again broached and the jury was instructed to disregard the question. As in *State v. Alexander*, 706 S.W.2d 21, 24 (Mo. banc 1986), the trial court was in the best position to determine the effect of the oblique reference in question.

Defendant relies on several cases, including *State v. Dunn*, 577 S.W.2d 649 (Mo. banc 1979), in support of his argument that the trial court's denial of a mistrial requires a reversal. In *Dunn*, the Missouri Supreme Court reversed a conviction because the trial court overruled defendant's objections to cross-examination by the prosecutor about the defendant's prior criminal acts, saying that "[c]ross-examining a defendant as to alleged prior acts of misconduct, particularly where details are stated and the acts are somewhat similar to the case on trial, as here, lends itself to the creation of substantial prejudice...." *Id.* at 653. *Dunn*, however, has been distinguished by the Missouri Supreme Court in cases like the instant case where the details of the alleged prior misconduct were not revealed, and the trial judge sustained an objection to the question and instructed the jury to disregard it. *See State v. Alexander*, 706 S.W.2d at 23–24; *State v. Young*, 701 S.W.2d 429, 434 (Mo. banc 1985), *cert. denied*, 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986).

The trial court acted within its discretion in determining that the error represented by the Prosecutor's question was sufficiently corrected by the sustaining of Defendant's objection, the court's instruction to the jury to disregard the comment, and reminding the jury of the cautionary instruction regarding sustained objections. We find no prejudicial error in the trial court's refusal to grant Defendant's motion for mistrial. Point I is denied.

Defendant's second point is as follows:

The court erred in giving Instruction No. 18, being a modified form of 304.12, in that the instruction is misleading and confusing in light of another instruction which was more appropriate and should have been given.

This point is unpreserved for two reasons. First, it does not comply with the requirements of Rule 30.06 for briefs in criminal appeals. Rule 30.06(d) states, in part:

The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous with citations of authorities thereunder.

Defendant's point does not state wherein and why Instruction No. 18 is confusing and misleading nor does it reveal which instruction was more appropriate. A point written in violation of Rule 30.06(d) that cannot be understood without resorting to the transcript or argument section of the brief preserves nothing for review. *State v. Higgins*, 852 S.W.2d 172, 175 (Mo.App.S.D.1993).

 Additionally, Defendant did not preserve this claim of error by sufficiently raising it in the trial court. His general objection to Instruction No. 18 at the instruction conference was based on the confusing nature of alternative submissions generally and did not specifically claim that this instruction was erroneous, was an improper deviation from MAI–CR3d, or that it constituted a misdirection.[3] An assignment of error on appeal must be based on an objection made in the trial court. *State v. Childers*, 801 S.W.2d 442, 444 (Mo.App.E.D.1990). *See also State v. Mondaine*, 655 S.W.2d 540, 544 (Mo.App.W.D.1983).

 Under the version of Rule 28.03 in effect when this case was tried in 1992, Defendant was not required to specifically object to an instruction at trial, but if he failed to do so, he was required to make a specific objection in his motion for new trial. Rule 28.03.[4] In the instant case, Defendant failed to raise any issue concerning Instruction No. 18 in his motion for new trial, resulting in the issue not being preserved for appellate review. *State v. Harris*, 620 S.W.2d 349, 354 (Mo. banc 1981). See Rule 29.11(d) in effect prior to its amendment as of July 1, 1995.

██ Despite the fact that Defendant failed to preserve this complaint for appellate review, we may exercise our discretion to review this point for plain error pursuant to Rule 30.20. *State v. Parkus*, 753 S.W.2d 881, 887 (Mo. banc), *cert. denied*, 488 U.S. 900, 109 S.Ct. 248, 102 L.Ed.2d 237 (1988); *State v. Higgins*, 852 S.W.2d at 175. Plain error encompasses only prejudicial error which so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Parkus*, 753 S.W.2d at 888. For instructional error to rise to the level of plain error, the trial court must have so misdirected or failed to instruct the jury as to cause manifest injustice or a miscarriage of justice. *Id.* *See also State v. Cooksey*, 805 S.W.2d 709, 710 (Mo.App.W.D.1991). The defendant bears the burden of establishing manifest injustice. *Id.*

Instruction No. 18 stated:

Under Count I there has been submitted to you in Instruction No. 5 the offense of the class A felony of forcible rape and in Instruction No. 7 the offense of forcible rape.

Under Count II there has been submitted to you in Instruction No. 9 the offense of 1st degree sexual assault.

Under Count III there has been submitted to you in Instruction No. 11 the offense

---

**3.** Defense counsel's objection was based on the submission of alternative counts to the jury. After a ruling allowing the State to submit counts in the alternative, he stated, as his objection to Instruction No. 18: "I think it is demonstrative of the fact that six submissions are confusing, burdensome to the jury, and simply makes their job much more difficult and adds force to the argument, that in such a submission, the State is attempting either to inflame or to burden the jury and confuse them with multiple statements of guilt and statement of the elements and charges."

**4.** Rule 28.03 was amended as of July 1, 1995 so as to require specific objections to instructions before the jury retires and to also require that the objections be raised in the motion for new trial.

of the class A felony of forcible sodomy and in Instruction No. 13 the offense of forcible sodomy.

Under Count IV there has been submitted to you in Instruction No. 15 the offense of 1st degree deviate sexual assault.

You may find the defendant guilty or not guilty under either of the counts submitted in those instructions.

You should render a separate verdict for Counts I & II and a separate verdict for Counts III & IV and you can return only one verdict for Counts I & II and only one verdict for Counts III & IV.

The State submitted this instruction as a modified version of MAI–CR3d 304.12, which states:

VERDICT POSSIBILITIES: ONE DE-FENDANT—MULTIPLE COUNTS—SEPARATE VERDICTS

The defendant is charged with a separate offense in each of the [ ] counts submitted to you. Each count must be considered separately.

You should return a separate verdict for each count and you can return only one verdict for each count.

Defendant claims in the argument section of his brief that a modified MAI–CR3d 304.14 would have been much clearer to the jury, and there would have been no question as to the verdict possibilities. He argues that by giving a modified 304.14, the jury "would have known for sure that the Defendant was being tried in alternative Counts and separate Counts I & III." That model instruction states:

VERDICT POSSIBILITIES: ONE DE-FENDANT—ALTERNATIVE COUNTS REQUIRING ONLY ONE VERDICT

The defendant is charged in Count ___ with the offense of _____ and in Count ___ with the offense of _____. These charges are made in the alternative and in effect allege that the defendant either committed one of the offenses or (the other) (one of the others). Each count must be considered separately.

You may find the defendant guilty of one of the offenses submitted to you but you should not find him guilty of more than one of them, or you may find him not guilty of any of the offenses charged (, or you may find him not guilty by reason of a mental disease or defect excluding responsibility).

Paragraph 2 of the Notes on Use for MAI–CR3d 304.12 states that "[t]his instruction is to be used when one defendant is charged in separate counts and may be convicted of an offense under each count." Paragraph 2 of the Notes on Use for MAI–CR3d 304.14 provides that it is to be used "when the state in separately numbered counts has charged the defendant in the alternative." In the instant case, the jury was required to return only one verdict for Counts I and II and a separate verdict for Counts III and IV. Thus, the jury was to consider the counts in the alternative. The Defendant could not be "convicted of an offense under each count." Thus, Instruction No. 18 should have followed the format of MAI–CR3d 304.14. See Rule 28.02(d).

■ We find no manifest injustice resulting from the giving of Instruction No. 18, however. All of the instructions must be read as a whole and construed together. *State v. Rapheld,* 587 S.W.2d 881, 893 (Mo. App.E.D.1979). From a reading of all of the instructions in the instant case, it is clear that the jury was to consider Counts I and II in the alternative, and the same with reference to Counts III and IV. The verdict-directing instructions on Counts II and IV (sexual assault in the first degree and deviate sexual assault in the first degree, respectively) made it clear that a guilty finding under each was dependent on a failure to find Defendant guilty under Counts I and III.

The jury rejected a finding of forcible compulsion in each situation and found Defendant guilty of the less serious counts. There is no indication that the jury was confused, as it found Defendant guilty of only one count in each of the alternative submissions. The verdicts were completely consistent and properly followed the intended directions to consider each set of counts in the alternative. The verdict returned by the jury, therefore, was consistent with the instructions. *See State v. Davis,* 675 S.W.2d 410, 418 (Mo.App.

W.D.1984). There is no indication that the jury was confused or misled.

Defendant also argues that Instruction No. 18 failed to instruct the jurors that Defendant could be acquitted on all counts. In fact, the instruction explicitly stated that the jury could "find the defendant guilty or not guilty under either of the counts submitted." The jury was not required to find Defendant guilty. *See State v. Hunter*, 750 S.W.2d 134, 138 (Mo.App.E.D.1988).

Defendant has not demonstrated that the instructions were either prejudicial to him or that they resulted in a manifest injustice or miscarriage of justice. This point is, therefore, denied.

The third point of error asserted by Defendant is:

> The trial court erred in granting leave to the state to file the amended information alleging two alternate counts of sexual assault in the first degree and deviate sexual assault in the first degree over objection of the defendant and not having the defendant arraigned on the two new charges nor an opportunity to have a preliminary hearing on the two new charges.

As phrased, this point violates Rule 30.06(d) by failing to set out wherein and why the trial court allegedly erred. It is required that a point relied on state why the ruling was erroneous and wherein the evidence or other matters supports the party's position. *State v. Nenninger*, 872 S.W.2d 589, 589 (Mo. App.S.D.), *cert. denied*, —— U.S. ——, 115 S.Ct. 589, 130 L.Ed.2d 503 (1994). Merely stating what the alleged errors are, without stating why they are errors, does not satisfy the requirements of the rule and preserves nothing for review. *See State v. Burkemper*, 882 S.W.2d 193, 198 (Mo.App.E.D.1994). Additionally, Defendant's point attempts to include two bases for error which should have been set out in different points. *Id.*

▮ It is apparent that Defendant complains of the failure to arraign him and provide a new preliminary hearing on the amended charges. Defense counsel objected to the filing of the amended information on the morning of trial, as well as in his motion for new trial, but his objection was based on insufficient time to prepare a defense on the new charges. The basis of the objection now urged by Defendant is first raised in his brief on appeal. A point raised on appeal must be based on the theory of the objection made to the trial court, and failure to do so preserves nothing for appellate review. *State v. Reichert*, 854 S.W.2d 584, 591 (Mo.App.S.D.1993). *See also State v. Root*, 820 S.W.2d 682, 688 (Mo.App.S.D.1991). Despite Defendant's failure to properly preserve these allegations for appellate review, we have made an *ex gratia* review for plain error. Rule 30.20. *See State v. Higgins*, 852 S.W.2d at 175; *State v. Mondaine*, 655 S.W.2d at 544.

The record indicates that Defendant's trial counsel was advised of the proposed amendments to the information at least a week before the trial commenced. Defendant proceeded to trial with his attorney on the charges, as amended, as if he had been arraigned and entered a plea of not guilty without making an objection on that basis. Under such circumstances there was no error, plain or otherwise. § 546.020; *City of Kansas City v. Thorpe*, 499 S.W.2d 454, 460 (Mo.1973), *cert. denied*, 416 U.S. 990, 94 S.Ct. 2398, 40 L.Ed.2d 768 (1974); *State v. Nelson*, 597 S.W.2d 250, 251 (Mo.App.S.D.1980). No reversal is required by this portion of Defendant's complaint.

▮ Defendant also contends that the trial court erred in not offering him an opportunity to have a preliminary hearing on the new charges. He relies on § 544.250 which provides that "[n]o prosecuting ... attorney ... shall file any information charging any person ... with any felony, until such person ... shall first have been accorded the right of a preliminary examination before some associate circuit judge...." He also refers to § 545.300 which prohibits amendments to informations which would operate to charge an offense different from that charged in the original information, and Rule 23.08 which permits an information to be amended at any time before verdict or finding "if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced."

In the instant case, Defendant argues, and the State concedes, that the amended information added the charges of sexual assault and deviate sexual assault which were not lesser included offenses of the original charges of forcible rape and sodomy. *See State v. Clark,* 747 S.W.2d 197, 201–02 (Mo.App.E.D.1988). The general rule is that a preliminary hearing is required upon the filing of an amended information charging different offenses. *State v. Simpson,* 846 S.W.2d 724, 727 (Mo. banc 1993).

Section 544.250 also provides, however, that "a preliminary examination shall in no case be required where same is waived by the person charged with the crime . . . ." Defendant concedes that *State v. Simpson* holds that an accused waives his right to object to the absence of a preliminary hearing by proceeding to trial without objection, and that under those circumstances the trial court has jurisdiction to proceed with the amended information. 846 S.W.2d at 727–28. *See also State v. Wood,* 596 S.W.2d 394, 400 (Mo. banc), *cert. denied,* 449 U.S. 876, 101 S.Ct. 221, 66 L.Ed.2d 98 (1980); *State v. Williams,* 800 S.W.2d 118, 119 (Mo.App.E.D.1990); *State v. McBride,* 685 S.W.2d 953, 954 (Mo.App.S.D.1985); *Davis v. State,* 651 S.W.2d 497, 498 (Mo.App.E.D.1982).

In the instant case, defense counsel knew of the new charges prior to the trial but did not request a continuance or object based on the absence of a preliminary hearing. His general objection to the amended information based on insufficient time to prepare a defense cannot transform itself into an objection based on the lack of a second preliminary hearing in order to preserve the issue for appeal. Defendant, therefore, waived his right to a preliminary hearing on the amended information.

Anticipating that his failure to object to the absence of a new arraignment and preliminary hearing may have amounted to a waiver of those claims, Defendant also argues that Rule 24.04(b)2. authorizes the court to grant relief, "for cause shown," from a waiver by reason of the failure to file a motion prior to trial raising defects in the institution of the prosecution or in the information. He argues that his "substantial rights were prejudiced because [he] was surprised as to the extent of the amendment." The record does not, however, demonstrate an objection on that basis. Additionally, we note that Defendant's present contention that Rule 24.04(b)2. is available to afford him relief from his waiver is not referred to in his point relied on. As a result, this argument is not properly presented for our review. *See Greene County Concerned Citizens v. Board of Zoning Adjustment,* 873 S.W.2d 246, 255 (Mo.App.S.D.1994).[5] We have again, however, conducted a review under Rule 30.20 for plain error.

In support of his argument that he is entitled to relief from the waiver, Defendant cites *State v. Greathouse,* 789 S.W.2d 50, 52 (Mo.App.W.D.1990), and *McKown v. State,* 682 S.W.2d 38, 40 (Mo.App.W.D.1984), for the proposition that a judgment rendered on an amended information charging a different offense is a nullity because the impermissible amendment rises to a denial of due process of law. Significantly, *State v. Simpson* was decided after *Greathouse* and *McKown.* In *Simpson,* the issue considered by the Missouri Supreme Court was "whether an information amended so as to violate Rule 23.08 and § 545.300, RSMo 1986, nullifies the proceedings upon the amended information." 846 S.W.2d at 725. In affirming the conviction, the court held that not only had the defendant waived his right to a preliminary hearing after the information was amended to charge different offenses, by failing to object on that basis, but he also waived his right to object to the information pursuant to Rule 24.04(b)2. by proceeding to trial without objection. *Id.* at 727–28.

The *Simpson* court also considered whether relief from the waiver was available to the defendant pursuant to Rule 24.04(b)2. for good cause shown. *Id.* at 728. This is the same relief requested by Defendant in the

---

5. The requirements for a point relied on in an appellate brief are the same in a criminal case under Rule 30.06(d) as for a civil case under Rule 84.04(d). *State v. Nenninger,* 872 S.W.2d at 589.

instant case. In *Simpson*, the court held that a reversal was warranted only if defendant's substantial rights were prejudiced by proceeding on the amended information. *Id.* There, the court held that the defendant was not entitled to relief from the waiver based on his cursory claim, which was not developed in his brief, that he was unable to prepare an adequate defense. *Id.* The court noted that his defense, if believed by the jury, would have applied to both the original charges and those contained in the amended information. *Id.* The same is true in the instant case.

Here, Defendant argues that his "substantial rights were prejudiced because the Defendant was surprised as to the extent of the amendment," but he does not demonstrate how that was so. Not only does the record contain no objection on that basis, it also reveals that the defense, which was equally applicable to the new charges, was primarily directed at the credibility of K.B. Defendant's claim is also contradicted by the fact that defense counsel knew of the amendment at least a week prior to trial but sought no continuance, never objected to the failure of the State to give Defendant a second preliminary hearing, and did not move to dismiss the amended information. Defendant has not demonstrated a right to relief from his waiver. Defendant's third point is denied.

Defendant's final point relied on is:

The trial court erred in overruling appellant's motion for judgment of acquittal and the two verdicts of guilty are not supported by sufficient evidence. The testimony and statements of complainant being contradictory, inconsistent, unconvincing, or uncorroborated by other evidence and the evidence did not establish guilt beyond a reasonable doubt.

This point relied on also violates the "wherein and why" requirements of Rule 30.06(d). It does not state wherein and why the verdict was not supported by sufficient evidence or the testimony of complainant was "contradictory, inconsistent, unconvincing, or uncorroborated." *See State v. Keith*, 811 S.W.2d 70, 71 (Mo.App.S.D.1991); *State v. Smith*, 655 S.W.2d 745, 746–47 (Mo.App.S.D.1983). Likewise, the point does not state why the

complainant's testimony should have been corroborated or wherein and why her testimony was uncorroborated or conflicting. *State v. Smith*, 679 S.W.2d 899, 902 (Mo.App. S.D.1984). The same is true as to the assertion that the evidence did not establish guilt beyond a reasonable doubt. We have again, however, exercised our discretion to review this point for plain error. Rule 30.20.

■ In reviewing the sufficiency of the evidence, we are required to view the evidence in the light most favorable to the state, giving it the benefit of all reasonable inferences therefrom. *State v. Grim*, 854 S.W.2d 403, 411 (Mo. banc), *cert. denied*, —— U.S. ——, 114 S.Ct. 562, 126 L.Ed.2d 462 (1993). Our consideration is limited to whether there was sufficient evidence from which reasonable persons could have found defendant guilty beyond a reasonable doubt. *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). In making that determination, we are not to substitute our judgment for that of the jury. *State v. Cody*, 800 S.W.2d 750, 752 (Mo.App. E.D.1990).

■ As we interpret Defendant's argument, he attacks the credibility of the State's case, specifically the testimony of K.B., and claims that the "corroboration rule" applies. The resolution of conflicts in evidence and determination of the credibility of witnesses are matters for the jury, which can believe all, some or none of a witness's testimony. *State v. Martin*, 852 S.W.2d 844, 848 (Mo. App.W.D.1992). *See also State v. Harris*, 620 S.W.2d at 354; *State v. Raines*, 748 S.W.2d 865, 866 (Mo.App.S.D.1988). Defendant's assertion that K.B.'s testimony was unreliable because she had a reputation for lying was also a matter of credibility for the jury to determine. *See State v. Martin*, 852 S.W.2d at 850.

■ Defendant argues, however, that corroboration was required because of inconsistencies concerning the testimony of K.B. In a prosecution for sexual offenses, including sexual assault and deviate sexual assault, the uncorroborated testimony of the victim is sufficient to sustain a conviction. *State v. Sladek*, 835 S.W.2d 308, 310 (Mo. banc 1992). "Corroboration is not required unless the

victim's testimony is so contradictory and in conflict with physical facts, surrounding circumstances and common experience, that its validity is thereby rendered doubtful." *Id.; State v. Silvey,* 894 S.W.2d 662, 673 (Mo. banc 1995); *State v. Loewe,* 893 S.W.2d 880, 883 (Mo.App.S.D.1995); *State v. Raines,* 748 S.W.2d at 866.[6]

It appears from the argument section of Defendant's brief that his complaint regarding the victim's testimony is based on contradiction between the victim's statements and those of other witnesses and inconsistencies in the victim's trial testimony and out-of-court statements. All of the charged contradictions refer to matters extraneous to the victim's trial testimony.

■■■■■ The corroboration exception is triggered only by inconsistencies or contradictions within the victim's trial testimony. *State v. Marlow,* 888 S.W.2d 417, 421 (Mo. App.W.D.1994). Conflict between the testimony of the victim and other witnesses does not mandate application of the corroboration rule. *State v. Sladek,* 835 S.W.2d at 310; *State v. Gardner,* 849 S.W.2d 602, 604 (Mo. App.S.D.1993). Similarly, the corroboration requirement does not apply when the victim's testimony is inconsistent with her prior out-of-court statements.[7] *State v. Marlow,* 888 S.W.2d at 421–22; *State v. Creason,* 847 S.W.2d 482, 485 (Mo.App.W.D.1993). *See also State v. Patterson,* 806 S.W.2d 518, 519–20 (Mo.App.S.D.1991). In order for the corroboration exception to apply, the discrepancies must amount to "gross inconsistencies and contradictions." *State v. Marlow,* 888 S.W.2d at 422.

■■■ K.B.'s trial testimony on the essential elements of the offenses charged was consistently that Defendant forced her to submit to sexual intercourse by threatening

her with a knife and that he forced her to take his penis in her mouth. Her testimony concerning these matters was without contradiction. There was no dispute concerning K.B.'s age or the fact that she was not married to Defendant. Where, as in the instant case, the complaining witness's testimony as to all essential matters is straightforward and without conflict, the corroboration exception does not apply. *See State v. Smith,* 679 S.W.2d at 903.

Notwithstanding the fact that no corroboration was required here, we do note that K.B.'s testimony was in fact corroborated by her prompt report of the incident to her sister, who testified that she was "hysterical." *See State v. Mazzeri,* 578 S.W.2d 355, 356 (Mo.App.W.D.1979). It was also corroborated by one of the other passengers in the car who testified that Defendant began asking K.B. to perform sexual acts and that he and another passenger got out of the car and waited until she got out to put her shoes on. He confirmed that when he got back in the car, K.B. was scared and crying. *See State v. Creason,* 847 S.W.2d at 485.

"The defendant's argument is nothing more than an assertion that the state's testimony was not credible. Such a contention was for the jury to resolve." *State v. Creason,* 847 S.W.2d at 485. We find corroboration of the victim's testimony unnecessary as her testimony was sufficient to support the guilty verdict. Point IV is denied.

The judgment is affirmed.

MONTGOMERY, P.J., and BARNEY, J., concur.

---

**6.** Respondent urges this court to "use this case as an opportunity to abolish" the corroboration rule and its exceptions. It cites such cases as *State v. Langston,* 382 S.W.2d 612, 615 (Mo. 1964), for the proposition that corroboration is not always required even when the complainant's testimony is improbable and contradicted. *See also State v. Nelson,* 818 S.W.2d 285, 288–89 (Mo.App.E.D.1991), criticizing the rule. We are constitutionally bound, however, to follow the controlling decisions of the Supreme Court of

this state. *State v. Isom,* 906 S.W.2d 870, 875 (Mo.App.S.D.1995).

**7.** Defendant relies on *State v. Kuzma,* 751 S.W.2d 54, 58 (Mo.App.W.D.1987), for the proposition that inconsistencies which will trigger the corroboration rule may come from out-of-court statements even though the victim's in-court testimony was firm. Defendant overlooks the later cases from the Western and Southern Districts cited above which hold otherwise.