**STATE of Missouri, Respondent,**

v.

**Adrian CAMPBELL, Appellant.**

**No. WD 52257.**

Missouri Court of Appeals,
Western District.

Dec. 24, 1996.

Andrew Schroeder, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cheryl A. Caponegro, Asst. Atty. Gen., Jefferson City, for respondent.

SPINDEN, Judge.

A jury convicted Adrian Campbell of two counts of assault in the first degree and two counts of armed criminal action. On appeal, he charges the trial court with error in its instructions to the jury. We affirm.

Campbell does not dispute the sufficiency of the evidence to support the jury's verdict. The jury convicted Campbell of wounding two men in a shooting.

On appeal, Campbell complains that the circuit court erred in submitting verdict-directing Instructions 5 and 7 concerning the first degree assault counts, and Instructions 6 and 8 concerning the armed criminal action counts. He claims the instructions for first degree assault were improper because they did not define "attempt" and did not allege that Campbell "knowingly" caused, or attempted to cause, serious physical injury.

The instructions for both assault counts were the same except for the names of the victims. Instruction 5 said:

As to Count I, if you find and believe from the evidence beyond a reasonable doubt:

First, that on or about July 22, 1994, in the County of Jackson, State of Missouri, the defendant attempted to kill or cause serious physical injury to Gary Jackson by shooting him, and

Second, that defendant in the course of such conduct caused serious physical injury to Gary Jackson,

then you will find the defendant guilty under Count I of assault in the first degree with serious physical injury.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

As used in this instruction, the term "serious physical injury" means physical injury that creates a substantial risk of death or that causes serious disfigurement or protracted loss or impairment of the function of any part of the body.

If you do find the defendant guilty under Count I of assault in the first degree with serious physical injury, you will assess and declare one of the following punishments:

1. Life imprisonment.

2. Imprisonment for a term of years fixed by you, but not less than ten years and not to exceed thirty years.

During the instruction conference, the state submitted verdict-directing instructions for the assault counts patterned after MAI–CR 3d 319.06. Campbell objected on the ground that they did not include the terms "intentionally," "deliberately," or "purposely." He also objected to the submission of the instructions for the armed criminal action counts on the ground that they were submitted in conjunction with, and predicated upon,

a finding of guilty on the assault counts. In his motion for new trial, he alleged that Instructions 5 and 7 were improper because they did not allege that he "knowingly" caused or attempted to cause serious physical injury. Campbell argues on appeal that the verdict-directing instructions were improper because they did not require the jury to find that he acted with a culpable mental state as required by § 565.050, RSMo 1994.[1]

The state accused Campbell of committing first degree assault by "attemp[ting] to kill or cause serious physical injury to [the victims] by shooting [them], and in the course thereof inflicted serious physical injury on [the victims]." The verdict-directing instructions follow this language and were patterned after MAI–CR 3d 319.06, not MAI–CR 3d 319.02.[2] MAI–CR 3d 319.06 is an approved instruction for first degree assault when the defendant has allegedly injured the victim. MAI–CR 3d 319.06 does not require the inclusion of "knowingly." The circuit court's instructions tracked the language of MAI–CR 3d 319.06.

"If an applicable criminal instruction is provided by MAI–CR, it is mandatory that the court give the instruction as written." *State v. Moore,* 882 S.W.2d 253, 262 (Mo.App.1994), *cert. denied,* — U.S. —, 115 S.Ct. 942, 130 L.Ed.2d 886 (1995). An instruction that is in the format of an approved instruction is not erroneous. *State v. Lawson,* 876 S.W.2d 770, 775 (Mo.App.1994). The notes to MAI–CR 3d 319.06 instruct the circuit court to use the instruction when it submits first degree assault by an attempt to kill or cause serious physical injury which results in injury being inflicted upon the victim. The verdict-directing instructions followed MAI–CR 3d 319.06 and were not improper.

Concerning Campbell's complaint that the instructions did not define "attempt," we note that he did not object to the instruction on this basis at the instruction conference, and he did not raise this claim in his motion

for new trial. Rule 28.03 requires a defendant to make a specific objection to the instruction before the jury retires to deliberate and in his or her motion for new trial. Without a specific objection, a claim of error in the instructions is not preserved for appellate review. *See State v. Reichert,* 854 S.W.2d 584, 601 (Mo.App.1993).

We can review this claim, if at all, only as plain error under Rule 30.20. *State v. Berry,* 916 S.W.2d 389, 395 (Mo.App.1996). This court's Eastern District rejected the same argument in *State v. Moore,* 882 S.W.2d 253 (Mo.App.1994). "Words are not to be defined in an instruction," the court said, "unless [they are] specifically authorized by MAI–CR 3d." *Id.* at 262. Because "attempt" is a term of common usage not defined by MAI–CR 3d 319.06, the *Moore* court ruled that no definition was necessary. Hence, we discern no basis for plain error review.

For these reasons, we affirm the circuit court's judgment of conviction.

SMART, P.J., and ELLIS, J., concur.

---

1. Section 565.050 says, "A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person."

2. The notes to MAI–CR 3d 319.02 suggest that the state may charge that a defendant has committed first degree assault either by knowingly causing serious physical injury to another or by attempting to kill or to cause serious physical injury to another and in the course thereof inflicting serious physical injury upon the victim. MAI–CR 3d 319.02 is to be submitted when a defendant is charged with first degree assault by knowingly causing serious physical injury to another.