This opinion/order has been withdrawn per order of the Tenth Court of Appeals.






0;                                                  Appellant
     v.

     WAYNE SCOTT, TDCJ DIRECTOR,
                                                                              Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # 31,600
                                                                                                                

O P I N I O N
                                                                                                                

     Appellant Rivas, a prison inmate, appeals from an order of the trial court dismissing her pro
se in forma pauperis suit to mandamus Appellee Scott to file a criminal complaint against Lt.
James Ham, a correctional officer, for assaulting her.
      Appellant filed a pro se in forma pauperis petition seeking to mandamus Appellee Scott,
TDCJ Director, to perform his mandatory duty as TDCJ Director to file a criminal complaint in
Coryell County against Lt. James Ham for assaulting her. Appellant alleged Ham subjected her
to a major use of force when she challenged Ham's authority to force her to go on a medical
transfer that she wanted to refuse in writing; that she had a right to refuse medical treatment; and
that she sustained physical injuries from the assault by Lt. Ham.
      Appellant cites Tex. Govt. Code § 501.002 which provides in pertinent part:
If an employee of the department commits an assault on an inmate, the Director shall file
a complaint with the proper officers of the County in which the offense occurred.

      Appellant alleged the duty to file the complaint was mandatory; that Appellee refused to file
such complaint; and she prayed for an order of the trial court compelling Appellee to file such
complaint against Lt. Ham.
      The trial court dismissed Appellant's suit as frivolous pursuant to Ch. 14, Tex. Civ. Prac.
& Rem. Code, finding specifically that Appellee had failed to state a cause of action.
      Appellant appeals contending the trial court erred in refusing to let her litigate her complaint
through the judicial system.
      Tex. Civ. Prac. & Rem. Code, § 14.001-014, Ch. 14, applies to inmate suits in which an
affidavit or declaration of inability to pay costs is filed. See id at § 14.002. The inmate must file
a separate affidavit or declaration identifying all prior pro se suits he or she has filed, stating the
facts in each case and naming the parties involved, and stating the result of each suit. Id. at §
14.004. Failure to comply with these statutory requirements allows a court to dismiss the suit as
frivolous, Hickson v. Moya, 916 S.W.2d 397, 399 (Tex. App.—Waco 1996, no pet.). We do not
believe that a different policy applies to mandamus actions. Because Appellant, an inmate, is
proceeding under an affidavit of inability to pay costs, she must comply with Chapter 14, Tex.
Civ. Prac. & Rem. Code § 14.002. Because she failed to do so, the trial court was justified in
dismissing the action. Hickson, supra. Even had she complied with the requirements of Chapter
14, the record does not show that she first exhausted her administrative remedies.
      Appellant cites Section 501.002 for the proposition that Appellant had a mandatory duty to
file a criminal complaint against Lt. Ham with the proper authorities in Coryell County. 
However, Section 501.008 provides that the inmate grievance system must be exhausted before
a claim in court is filed. Id. at § 501.008.
      The record reflects that Appellee's office advised Appellant that complaints relating to staff
misconduct or crimes by a TDCJ employee should be directed to the Internal Affairs Division of
TDCJ. The record does not indicate that Appellant followed through on this advice by contacting
internal affairs.
      We do not believe that the Legislature intended to require the executive director to file
criminal charges against an employee on the bare assertions of an inmate. It is only when an
inmate exhausts his or her administrative remedies and the department has reviewed whether an
assault occurred would Section 501.002 come into play.
      Appellant's contentions are overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Chief Justice Davis,
      Justice Vance and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed February 24, 1999
Do not publish